Paul J. Widlitz, J.
In this article 78 proceeding, the petitioner seeks to nullify a parole warrant lodged against him while incarcerated in the Nassau County Jail.
Petitioner was last paroled on August 10, 1971 from Green Haven Prison, and thereafter, and on or about July 5, 1972, he was arraigned on a Nassau County indictment. Bail was fixed at $7,500. Simultaneously with the arraignment, the Parole Division of this State lodged a warrant against the petitioner.
Thy Attorney-General indicates in his affidavit that in addition to the' commission of a new felony, the petitioner is also in violation of several conditions of his parole.
Section 1.18 of title 7 of the Official Compilation of Codes, Rules| and Regulations of the State of New York sets forth the procedure to be followed when a parolee is arrested on a felony charge and held for court action and provides as follows: “ Whénever a parolee is arrested on a felony charge and held for court action, a warrant for retaking and temporary detention shall be filed against him. Where such warrant is filed, for good cause shown or on its own motion, a majority of the entire board Imay lift the warrant and cancel delinquency pending the disposition of the charges by the court except that where a person has been released pursuant to the provisions of article 25 of the Correction Law, one member of the Board of Parole may lift the warrant and cancel delinquency pending disposition of the charges by the court.”
In Morrissey v. Brewer (408 U. S. 471), it is established that procedural due process, as required by the Federal Constitution, mandates an impartial preliminary hearing to determine if there is reasonable ground to believe that the arrested parolee has violated a condition of parole. Recognizing the problems involved in bringing about the required hearing, the court states (p. 485): “ (a) Arrest of Parolee and Preliminary Hearing. The first stage occurs when the parolee is arrested and detained, usually at the direction of his parole officer. The second occurs when parole is formally revoked. There is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked. Additionally, it may be that the parolee is arrested at a place distant from the state institution, to which he may be returned before the final decision is made concerning revocation. Given these factors, due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the *231 alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. Cf. Hyser v. Reed, 115 U. S. App. D. C. 254, 318 F. 2d 225 (1963). Such an inquiry should be seen as in the nature of a ‘ preliminary hearing ’ to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions. Cf. Goldberg v. Kelly, 397 U. S., at 267-271.”
Normally, it would follow that a violation of parole predicated upon a subsequent felony arrest would provide the necessary probable cause for detention as required in a preliminary hearing (CPL 190.65, subd. 1). But here the petitioner is not only burdened with the commission of a subsequent felony, but his parole officer has charged him with several violations of the conditions of parole, and, as stated in the Morrissey case above cited, the parolee is entitled to a disclosure of the evidence against him and an opportunity to be heard in person and to present evidence.
There is no merit to the Attorney-General’s claim that “ under the Morrissey decision, petitioner does not become available to the Parole Board for action or hearing by the Parole Board until after petitioner has posted the required bail.” On application of the Parole Board, or even upon request of the defendant himself, the Sheriff of this county or the warden of the jail in which he is presently incarcerated, can be ordered to produce the petitioner at any hearing or, in more reasonable fashion, the hearing may be held in the jail where the petitioner is presently incarcerated. Further, at the preliminary hearing, the petitioner shall be entitled to the advice of counsel after being given notice of said hearing and the charges set forth in the alleged violations (Matter of Richardson v. N. Y. State Bd. of Parole, 71 Misc 2d 36; People ex rel. Menechino v. Warden, 27 N Y 2d 376).
Accordingly, the petitioner’s application is granted to the extent of directing the Board of Parole to conduct a prompt informal inquiry by an impartial hearing officer near the place of the alleged parole violation or arrest.