Irwin Brownstein, J.
In this habeas corpus proceeding, the relator alleges that the Parole Board’s failure to provide him a prompt hearing on his alleged parole violations deprived him of the due process of law and violated his statutory rights.
Relator was sentenced on October 4, 1968, in this court to an. indeterminate sentence of 10 years upon his conviction of the crime of robbery in the first degree. He was paroled on November 3, 1971, from the Attica Correctional Facility with a maximum expiration date of October 25, 1977, conditioned on his compliance with parole regulations. He was declared delinquent on March 23, 1972; as of January 17, 1972, for his alleged failure to report to his parole officer and to notify the Parole Department of his change of address.
*151 Relator was arrested on April 5, 1972, on charges of robbery (Ind. No. 3941/72) and was charged shortly thereafter with two other robberies (Inds. No. 4296/72 and 4451/72). A parole warrant was also lodged against relator on the above-mentioned charges of failure to report and failure to notify of his changed address. Relator’s bail of $50,000 (lowered to $30,000 in August, 1973) and the parole warrant prevented him from securing release pending trial.
On November 23, 1973, relator was acquitted by a jury of the robbery charged in Indictment No. 3941/72. This court then reduced his bail to $25 on each of the remaining charges, with consent of the District Attorney.
Due to the importance, and novelty of the issues, this court held hearings on the status of the parole warrant on November 29, December 17, and December 26, 1973. Those hearings showed that during his incarceration, relator was not given a hearing on the alleged parole violations. According to relator’s statement of the facts, which is not disputed by the Parole Board, he made repeated requests for a hearing to his parole officer during the first weeks of his incarceration, both in person and by telephone. In June, 1972 he petitioned this court pro se for a bail reduction and asked that the warrant be removed. The motion was denied. In May, 1973 he filed pro se an application for a writ of prohibition in the Appellate Division for the Second Department, asking that the warrant be vacated due to the excessive delay in granting him a hearing. Relator’s counsel could find no record of a disposition in the files of the Appellate Division, though his parole officer subsequently told relator that the Parole Department had received the application. During this period relator was told by a department supervisor that no action would be taken on his warrant until he posted bail or his charges were disposed of. In July, 1973, relator received a letter from Burton R. Pomplun, Director of Parole Field Operations in Albany, stating that relator had not been given a preliminary hearing because his arrest antedated the decision in Morrissey v. Brewer (408 U. S. 471 [1972]). In September, 1973 relator resubmitted to the Appellate Division his pro se application for a writ of prohibition to reinstate his parole to the Appellate Division. This application was denied without opinion on October 17, 1973. No action was taken by the Parole Board between that date and his acquittal on November 23,1973, to grant relator a parole revocation hearing.
This court’s jurisdiction in habeas corpus is invoked under CPLR 7002 (subd. [b], par. 5). The propriety of habeas corpus *152 as a remedy for improper parole revocation procedures is well established (People ex rel. Menechino v. Warden, 27 N Y 2d 376 [1971]; People ex rel. Maggio v. Casscles, 28 N Y 2d 415 [1971]; People ex rel. Silbert v. Cohen, 29 N Y 2d 12 [1971]). At one time courts might have hesitated to review the Parole Board’s conduct under any circumstances. But it is now well established that Parole Board actions are nonreviewable only “if done in accordance with law”. (Correction Law, § 212, subd. 10.) “ While the courts have uniformly held that the discretionary power vested in the Parole Board to revoke a prisoner’s parole cannot be reviewed by habeas corpus, the actions of the board are not beyond judicial review if they are in violation of the statutes under which the board derives its power.” (People ex rel. Freeman v. Mancusi, 27 A D 2d 634 [4th Dept., 1966].) Relator alleges that the Parole Board has violated both his statutory and constitutional rights and that its conduct is, therefore, not “ done in accordance with law.”
•Section 212 (subd. 7) of the Correction Law. provides that after the Parole Board has declared a parolee to be delinquent, it “ shall at the first available opportunity permit the alleged violator to appear * * * before a panel of three members and.explain the alleged violation.” Relator was incarcerated in the Brooklyn House of Detention from April 5, 1972, until November 29, 1973. The parole warrant was lodged against relator on April 14, 1972. The Parole Board made no move to grant him a hearing until after his acquittal on November 21, 1973, and the bringing of this habeas corpus proceeding. The board’s failure to act during this 19-month period violated relator’s statutory right to a prompt parole hearing.
The Parole Board’s .contention that it had no jurisdiction over relator during this time is without merit. The board argues that its constructive custody over parolees is terminated when the prisoner is accused of another crime and is held for trial by authority of the District Attorney. Constructive custody is irrelevant. If the Parole Board wishes to grant á hearing to a pretrial detainee, it may apply to the Supreme Court to have the prisoner produced for the hearing and then returned to jail (Matter of Way v. Division of Parole, 71 Misc 2d 229, 231 [Sup. Ct., Spec. Term, Nassau County, 1972]). Section 70.40 (subd. 3, par. [a]) of the Penal Law is equally irrelevant. It provides that a parole violator’s sentence shall be interrupted from the date of the delinquency until the parolee’s return to a State penal institution. This goes to the length of the remaining sentence, not to the Parole Board’s power to give *153 a hearing. Length of sentence was precisely the issue in People ex rel. Petite v. Follette (24 N Y 2d 60 [1969]), ¡on which the board incorrectly relies.
The 19-month failure to grant a hearing also deprived relator of the due process of law to which parolees are entitled. As this court has stated, “ To say that ‘ due process ’" requires notice of the charges, a hearing, and the aid of counsel becomes meaningless if the hearing is not timely held, and the relator deprived of his liberty for an appreciable length of time.” (People ex rel. Cordero v. Thomas, 69 Misc 2d 28, 32 [Sup. Ct., Kings County, 1972].)
The right to a prompt hearing on revocation of parole is analogous to the right to a speedy trial (Matter of McLucas v. Oswald, 40 A D 2d 311, [3d Dept., 1973]; In re La Croix, 108 Cal. Rep. 93 [3d Dist., 1973]; United States ex rel. Obler v. Kenton, 262 F. Supp. 205 [D. Conn., 1967]). Denial of that right is determined from the length of the delay, the reason for the assertion of the right by defendant, and prejudice to the defendant (Barker v. Wingo, 407 U. S. 514, 530 [1972]).
The delay here was 19 months, longer than that in Cordero (supra) (7 months) or in People ex rel. Mosely v. Monroe (Sup. Ct., Kings County, July 5, 1973) (16 months), in both of which a denial of due process was found. There was no good reason for this delay. Relator asserted his right very shortly after his incarceration and continued to complain of the delay. Prejudice must be presumed after such an excessive delay as occurred in this case. As the Court of Appeals has stated, the parole revocation hearing is “an accusatory proceeding in which the outcome — liberty or imprisonment — is dependent upon the board’s factual determination as to the truth of specific allegations of misconduct.” (People ex rel. Menechino v. Warden, 27 N Y 2d 376, 382 [1971], supra.) Needless delay in granting a hearing, like denial of a speedy trial, threatens the parolee’s ability to present an adequate factual case to the Parole Board. Lack of a timely parole hearing may be more prejudicial than pretrial delay, since , the parolee is not entitled to the presumption of innocence at a parole hearing. Delays of this length without good cause cannot be countenanced.
The nonretroactivity of Morrissey v. Brewer (408 U. S. 471, supra), relied on by the Parole Board, is irrelevant to the issues of this case. Morrissey established a checklist of formal requirements for parole revocation procedures, including a preliminary hearing “as promptly as convenient after arrest” (id., at p. 485). But even before Morrissey, a parolee in New *154 York was entitled to a prompt preliminary hearing (Cordero, supra). More important, relator does not complain simply of the lack of a preliminary hearing. He complains of the lack of any hearing at all for a period of 19 months. This constitutes a denial of due process, to which relator was entitled before Morrissey (People ex rel. Menechino v. Warden, 27 N Y 2d 376, supra; People ex rel. Silbert v. Cohen, 29 N Y 2d 12, 14, supra).
The Parole Board’s position — expressed to relator by local employees of the board and to the court by counsel — is that the Parole Board cannot or should not provide a full hearing until the parolee posts bail or until there is a disposition of the charges pending against him. In Kings County’s congested criminal courts, defendants must often wait many months for a disposition. The Parole Board’s position amounts to using the courts’ inadequacy to excuse its own default. The court cannot accept this reasoning (see Cordero, 69 Misc 2d, at pp. 33-34).
Likewise, it is no remedy to advise a prisoner to post bail in order to obtain a hearing. Since that hearing might return him to prison, he would be performing an act both expensive and possibly futile. Since most defendants in Kings County, including relator, are indigent, this requirement is unreasonable. Moreover, the presence of parole detainer warrants may prejudice the ability of a defendant to obtain a bail he can afford, since Judges also dislike performing futile acts.
We stated in Cordero (69 Misc 2d, at p. 34, per Mollen, J.): “ This court finds offensive to the concept of due process, within the constitutional sense, a procedure whereby relator, upon arrest, may be deprived of his liberty indefinitely without any opportunity to provide bail * * * and without any hearing whatsoever to ascertain whether there be any actual basis for so depriving him of his liberty, other than the fact that he has been accused of a crime.” Such a procedure is even more offensive in the present case, where the violations alleged antedate the criminal charges and have nothing to do with them.
The delay in this ease constitutes a fatal defect which cannot be remedied merely by lodging a new parole warrant. Accordingly, the warrant is vacated with prejudice to the bringing of a new one and to any further proceedings regarding the violations alleged in the present warrant. Relator is to be reinstated to parole under the same conditions as applied before the alleged violations.