Chief Judge Breitel.
 

 Petitioner, a former State prisoner on parole, appeals from an Appellate Division order reversing a Wyoming County Court judgment granting habeas corpus relief and ordering his release on parole. At the County Court petitioner had successfully contended that he had been deprived of due process of law because under a Parole Board regulation he had been denied the right to counsel during a final parole revocation hearing.
 

 The Appellate Division order should be reversed and the County Court judgment reinstated. A parolee, convicted of a new crime committed while on parole, is entitled to the assistance of counsel during a final revocation hearing and in the
 
 *224
 
 absence of such assistance should be granted relief appropriate to correcting the deprivation.
 

 In July, 1970, petitioner was convicted of the felonious sale of a dangerous drug and sentenced to an indeterminate term not to exceed five years. On November 9, 1971, in ordinary course, petitioner was released on parole. A parole violation warrant was issued on February 17, 1972, based upon a report by his parole officer. The report alleged that petitioner had violated parole by: having been charged with committing an assault; associating with an individual who had a criminal .record ; having twice failed to report to his parole officer; and having absconded from parole supervision. On February 24, 1972, having absconded, petitioner was declared delinquent without a hearing as of February 16, 1972.
 

 Petitioner was arrested in Florida on a charge of parole violation in late May, 1972. He was returned to New York and on July 5, 1972 entered a plea of guilty to third degree assault in the assault prosecution. He was sentenced to a conditional discharge.
 

 On August 30, 1972, a parole revocation hearing was held before the Parole Board at which petitioner was told that under the rules and regulations of the Parole Board he was, because of the assault conviction, not entitled to counsel at the hearing. The hearing consisted of an interview after which parole was revoked, solely on the grounds of the criminal conviction and the parole absconding. Petitioner was ordered held for 18 months before he could be reconsidered for parole.
 

 Petitioner sought habeas corpus relief and after a hearing obtained his release and return to parole supervision by order of the Wyoming County Court. Subsequently, petitioner was returned to prison for another independent violation of parole. On June 12, 1974, he was reparoled by the board.
 

 Petitioner’s restoration to parole supervision has rendered moot the -gravamen of the present proceeding. The issue, however, is a recurring one in light of the board’s regulation barring counsel at revocation hearings of parolees who have been convicted for a crime, presumably committed during their .release from prison (7 NYCRR 1.19 [c]). The validity of the regulation is important both to parole administrators and to parolees. Hence, the appeal should not be dismissed as moot
 
 (People ex
 
 
 *225
 

 rel. Calloway
 
 v.
 
 Skinner,
 
 33 N Y 2d 23, 30, n. 1;
 
 Matter of Gold
 
 v.
 
 Lomenzo,
 
 29 N Y 2d 468, 476; Cohen and Karger, Powers of the New, York Court of Appeals 420-421).
 

 People ex rel. Menechino
 
 v.
 
 Warden
 
 (27 N Y 2d 376) held that under the State and Federal Constitutions parolees were entitled to offer evidence and to have the assistance of counsel at parole revocation hearings. Recognizing that it would be difficult to anticipate all the questions that would arise, the court referred to a case-by-case approach in applying the right to counsel, but it was not suggesting a broad swathe of eases exempt from the rule (p. 383).
 

 People ex rel. Maggio
 
 v.
 
 Casscles
 
 (28 N Y 2d 415) is not to the contrary. It dealt exclusively with the retroactivity of the
 
 Menechino
 
 principle. In holding that only limited retroactivity was required, the
 
 Maggio
 
 court fashioned a rule directed, on a case-by-case basis, to the integrity of the fact-finding process in hearings held prior, to
 
 Menechino.
 
 It was in this context that the court observed that (p. 418): “ [i]f the parole hearing record clearly demonstrates compliance with due process requirements, a new hearing should not be ordered. The conviction of another crime or an admitted and unexplained
 
 substantial
 
 violation of the conditions of parole is adequate, in and of itself, to support a revocation, and, in such cases, a new inquiry is hardly necessary. Similarly, if it appears that the violation was fully established and/or the explanation was false, the accuracy of the factual determination is unimpaired. On the other hand, unexplained
 
 technical
 
 violations in inadequately developed contested cases require remedial action.” (Emphasis in original.)
 

 The
 
 Maggio
 
 case-by-case approach to retroactive application of the right to counsel was based upon three factors: a parole revocation hearing is administrative in nature; the limited, albeit important, role of counsel; and the devastating affect on the parole system of requiring new hearings for every prisoner who had had his parole revoked before the
 
 Menechino
 
 case. This last reason was, perhaps, the most significant, and has no application to hearings held after
 
 Menechino
 
 was decided.
 

 True, the United States Supreme Court has made the right to counsel in preliminary and' final parole revocation hearings depend upon the circumstances of each case
 
 (Gagnon
 
 v.
 
 Scar
 
 
 *226
 

 pelli,
 
 411 U. S. 778, 787-791). Nevertheless, this court is not required to retreat from its
 
 Menechino
 
 holding, based in part, on the State Constitution.
 

 This was recognized in
 
 People ex rel. Calloway
 
 v.
 
 Skinner
 
 (33 N Y 2d 23,
 
 supra)
 
 where the right to counsel at preliminary parole revocation hearings, tinder the State Constitution, was held to be no greater than the Federal constitutional right as defined in
 
 Gagnon
 
 v.
 
 Scarpelli
 
 (411 U. S. 778, 787-791,
 
 supra).
 
 In adopting a case-by-case approach the
 
 Calloway
 
 opinion expressly limited its holding to preliminary parole revocation hearings (33 N Y 2d, at p. 30). As for the final revocation hearing, the State Constitution, it has been held, guarantees the right to the assistance of counsel
 
 (People ex rel. Menechino
 
 v.
 
 Warden,
 
 27 N Y 2d 376, 383,
 
 supra; People ex rel. Calloway
 
 v.
 
 Skinner,
 
 33 N Y 2d 23, 30,
 
 supra).
 
 This would seem to allow of no foreseeable exception.
 

 That 'a parolee has been convicted of a crime presumably committed while on parole is not persuasive to deny counsel at a final revocation hearing. Revocation is not automatic and rests in the discretion of the Parole Board (Correction Law, § 212, subd. 7; see, also, § 210). The offense committed or the circumstances, including the facts which may have induced a plea to a lesser offense, surrounding the crime may be such that counsel by offering testimony or effective reasoning might persuade the board not to revoke parole. Moreover, the Parole Board must also fix the period of time which must elapse, up to 24 months, before the prisoner may be again considered for parole (Correction Law, § 212, subd, 3). Finally, in situations involving more than one ground for declaring delinquency the board has the power to determine the date of delinquency, from which service of sentence in prison is measured. The later the date fixed, the greater the credit toward time served on the sentence (see Penal Law § 70.40, subd. 3, par. [a]). In each of these instances, effective. counsel may be able to obtain more favorable treatment for the parolee.
 

 While only illustrative of the assistance which may be provided by counsel, the last discussion demonstrates the usefulness and therefore the need for counsel.
 

 Except as limited by State or Federal law, regulations and procedures governing parole are left to the sound discretion
 
 *227
 
 of the Parole Board. The board regulation bars counsel from final parole revocation hearings for parolees who have been convicted of a crime while on parole or conditional release (7 NYCRR 1.19 [c]). (This provision would literally encompass a situation where a crime was committed before release on parole but where a conviction was obtained while on parole.) The regulation is inconsistent with a parolee’s right to counsel under the State Constitution.
 

 Accordingly, the order of the Appellate Division should be reversed, without costs, and the now mooted ju4gment of the Wyoming County Court reinstated.
 

 Judges G-abbielli, Jones, Wachtleb, Rabin, Stevens and Witmeb
 
 *
 
 concur.
 

 Order reversed, etc.
 

 *
 

 Designated pursuant to section 2 of article VI of the State Constitution.