THE PEOPLE OF THE STATE OF NEW YORK ex rel. DENNIS ALLAH, Also Known as WILLIAMS, Appellant, v WARDEN, BRONX HOUSE OF DETENTION, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JESUS SERRANO, JR., Appellant, v WARDEN, NEW YORK CITY HOUSE OF DETENTION FOR MEN, Respondent.

First Department, May 1, 1975

*Joseph Alan Kaplan* of counsel *(Mary E. Bednar* with him on the brief; *William Gallagher,* attorney), for appellants.

*David L. Birch* and *Rhonda Amkraut Bayer* of counsel *(Samuel A. Hirshowitz* with them on the briefs; *Louis J. Lefkowitz, Attorney-General),* for respondents.

LUPIANO, J. Each of these appeals involves the issue of whether an alleged parole violator can indefinitely be denied a final revocation of parole hearing where the basis for the violation is the commission of a new crime for which pending charge the alleged violator has been indicted and incarcerated, being unable to post the requisite bail. Analysis of one appeal perforce has concomitant relevance to resolution of the other.

*People ex rel. Dennis Allah v Warden, Bronx House of Detention*

Petitioner Dennis Allah appeals from a judgment of the Supreme Court, Bronx County, dismissing his application for a writ of habeas corpus brought on the ground that he had not been accorded the right to a prompt final parole revocation hearing. Convicted in the Supreme Court, Bronx County, of attempted burglary in the third degree, petitioner was sentenced to a three-year indeterminate term of imprisonment having a maximum expiration date of March 4, 1975. Paroled on August 13, 1973, petitioner was declared delinquent on May 28, 1974, as of April 25, 1974, the date of a new arrest for possession of a weapon. A parole detainer was lodged, and in June, 1974 a preliminary parole revocation hearing was held. At that time, probable cause that a parole violation had occurred was found to exist. Petitioner since April 25, 1974, has been held in the Bronx House of Detention because he was (1) unable to post bail set for the pending criminal charges in the amount of $1,500, and (2) not afforded a final parole revocation hearing on the parole detainer. This latter circumstance gave rise to his application for a writ of habeas corpus.

Initially, the respondent's contention that this appeal

should be dismissed as academic is rejected as being without merit. The fact that upon the expiration date of Allah's sentence the parole detainer warrant is automatically lifted, may not serve to frustrate resolution of the issue of constitutional dimension raised on this record, to wit, whether the Department of Correction under the circumstances herein could continue the incarceration of the petitioner on the detainer warrant without benefit of a final hearing on the parole violation charges which are the basis for the warrant. "While it may be possible to dispose of this particular appeal without deciding this question of constitutionality, nevertheless it is fairly presented to us, and public interests require that it should be determined" (People ex rel. Unger v Kennedy, 207 NY 533, 540–541). Subdivision 7 of section 212 of the Correction Law provides in pertinent part: "Whenever there is reasonable cause to believe that a person who is on parole or conditional release has violated the conditions thereof, the board of parole *as soon as practicable* shall declare such person to be delinquent. Thereafter, the board shall *at the first available opportunity* permit the alleged violator to appear personally * * * and explain the alleged violation. Such appearance shall be either at an institution under the jurisdiction of the state department of correction *or at such other place as may be designated pursuant to rules and regulations of the board.* The board shall *within a reasonable time* make a determination on any such declaration of delinquency either by dismissing the declaration or revoking the parole or conditional release" (emphasis supplied). Patently, the rules and regulations adopted by the Board of Parole may not serve to frustrate the clear intent embodied in subdivision 7 of section 212 of the Correction Law that a person on parole who is declared delinquent be afforded a final revocation of parole hearing within a reasonable period of time.

It is asserted that as a consequence of his arrest and indictment, petitioner came within the custody of the New York City Department of Correction and this status terminated, in a sense, the constructive custody of the State Parole Board (see *Matter of Perillo v New York State Bd. of Parole,* 4 AD2d 355). This argument may not serve as justification for the failure to hold a final parole revocation hearing. It has been aptly noted that the right to a prompt revocation hearing is analogous to the right to a speedy trial and that

regardless of other pending criminal charges, due process mandates that the alleged parole violator be accorded the right to a hearing within a *reasonably prompt* period of time *(Morrissey v Brewer,* 408 US 471, 478–479; *Matter of Wright v Regan,* 46 AD2d 163; *Matter of McLucas v Oswald,* 40 AD2d 311; *People ex rel. McNair v West,* 77 Misc 2d 150, affd 46 AD2d 741). It is requisite that the Board of Parole in its adoption of rules relating to violation of parole proceedings recognize and implement the aspects of due process inherent in subdivision 7 of section 212 of the Correction Law.

As to the question of bail, "the Court of Appeals in *People ex rel. Calloway v Skinner* (33 NY2d 23) has unequivocally stated that there is no right to bail for a parolee detained in advance of a revocation hearing and there is not even a statutory provision for it. Even were this not the case, it would be offensive to due process of law to condition petitioner's right to a hearing on his ability to raise bail on the criminal charge; especially so were he to be indigent as is alleged of the instant petitioner *(People ex rel. McNair v West,* 77 Misc 2d 150). 'Likewise, it is no remedy to advise a prisoner to post bail in order to obtain a hearing. Since that hearing might return him to prison, he would be performing an act both expensive and possibly futile' " *(Matter of Wright v Regan, supra,* pp 167–168).

Respondent's final contention, urged as a practical or expedient support for the omission to accord a prompt final revocation of parole hearing, is that the purposes of such hearing would be better served by awaiting the disposition of the criminal charges that underly the parole revocation. The surface appeal of this argument does not bear judicial scrutiny. It is the alleged parole violator herein who most strenuously demands the hearing. It is the alleged parole violator who is accorded the right to that hearing both by the Correction Law as noted above and judicial recognition of the due process mandate. To the extent that the alleged parole violator engages in actions which serve to frustrate or delay the final hearing, he may be deemed to suffer no prejudice thereby. However, the prejudice which may be suffered by an alleged parole violator whose demand for a prompt final hearing is hampered or frustrated through no fault of his own, is readily apparent.

As the maximum expiration date of petitioner's sentence was reached on March 4, 1975 as indicated, he has already

been irreparably damaged. Accordingly, the judgment of the Supreme Court, Bronx County (HUGHES, J.), entered on December 20, 1974, dismissing the petition for a writ of habeas corpus, should be reversed, on the law; the detainer warrant should be vacated and the declaration of delinquency as to petitioner should be dismissed with prejudice.

### *People ex rel. Jesus Serrano, Jr. v Warden, New York City House of Detention*

Petitioner Jesus Serrano, Jr. appeals from a judgment of the Supreme Court, Bronx County, dismissing his application for a writ of habeas corpus brought on the ground that he had not been accorded the right to a prompt final parole revocation hearing. Convicted in the Supreme Court of Bronx County of attempted burglary in the third degree, petitioner was sentenced to a four-year indeterminate term of imprisonment on November 15, 1971. Conditionally released on January 14, 1974, petitioner was declared delinquent by the State Parole Board on June 29, 1974, as of June 7, 1974, in consequence of a new arrest for robbery and possession of a weapon as well as for technical violations. A parole detainer was lodged and on July 9, 1974, a preliminary parole revocation hearing was held. At that time, probable cause that parole violation had occurred was found to exist. Petitioner since June 7, 1974, has been held in New York City prison facilities and is presently detained at the New York City House of Detention because he was (1) unable to post bail set for the pending criminal charges in the amount of $5,000, and (2) not afforded a final parole revocation hearing on the parole detainer. This latter circumstance gave rise to his application for a writ of habeas corpus.

It is asserted by petitioner that the refusal by the New York State Board of Parole to accord him a prompt final parole revocation hearing until after the disposition of the new criminal charges is violative of "due process" and that the "policy" by the State Board of Parole to refuse to direct such hearing except where bail has been posted on the new criminal charges transgresses the individual's right to equal protection of the law. There is merit in these contentions. In response to respondent's argument that the custody of the State Parole Board over petitioner terminates with his subsequent arrest and incarceration in a local prison facility, thus preventing the holding of a final parole revocation hearing, it is noted that this impediment is not insurmountable, is

equally applicable to the preliminary parole revocation hearing and partakes of a semantical exercise having no real relation to the constitutional issues raised on this record. It is sufficient to note the unequivocal, clear mandate delineated in subdivision 7 of section 212 of the Correction Law set forth in *People ex rel. Allah v Warden, Bronx House of Detention,* above. In its implementation of the statutory directives, the Board of Parole must obey the mandate of those directives and is endowed with the rule-making power necessary to accomplish this objective.

To reiterate, the right to a prompt revocation hearing is analogous to the right to a speedy trial and regardless of other pending criminal charges, due process requires that the alleged parole violator be accorded the right to a hearing within a reasonably prompt period of time *(Morrissey v Brewer,* 408 US 471, *supra; Matter of Wright v Regan,* 46 AD2d 163, *supra; Matter of McLucas v Oswald,* 40 AD2d 311, *supra; People ex rel. McNair v West* 77 Misc 2d 150, affd 46 AD2d 741, *supra* ). What is demanded by subdivision 7 of section 212 of the Correction Law and indeed prompts the right to a speedy trial analogy is the directive that petitioner be afforded a *reasonably* prompt final revocation hearing. Application of this rule, imbued as it is with the test of what is reasonable under the circumstances, requires a case-by-case *ad hoc* approach for proper resolution. The abstract question—can the State Board of Parole *indefinitely* postpone a final revocation hearing for someone on parole or conditional release simply because that person is being held on new criminal charges in a facility within the State not under the jurisdiction of the State Department of Correction and is unable to post bail on the pending criminal matters—admits of only a negative response. However, left unresolved are the pragmatic questions of what circumstances justify a delay and under what circumstance does such delay become *unreasonable.* These issues necessarily entail consideration of whether undue prejudice is suffered by the delay and of all relevant circumstances in the delicate process of weighing the vital interests of the alleged parole violator and of society. Although analogous to the right to a speedy trial, it must be recognized that the right to a reasonably prompt revocation hearing is *sui generis.* The critical fact that underlying the detainer warrant lodged against petitioner is the arrest and indictment for a new

crime impels acknowledgment that the defense to such new criminal charge is also a defense to the allegation of parole violation. The exigency for preparing that defense in the new criminal action has vital relevance to the issue of whether undue prejudice is occasioned by a delay in the granting of a final revocation of parole hearing.

In view of the aforesaid, on the instant record and because we now unequivocally declare that the mandate of subdivision 7 of section 212 of the Correction Law for a reasonably prompt final revocation hearing cannot be thwarted by the policy of the Parole Board, whether by action or inaction in its rule-making power, it is sufficient to direct that the Board of Parole take all necessary steps to implement the mandate of said law and expeditiously grant petitioner a final revocation hearing. Accordingly, the judgment of the Supreme Court, Bronx County (HUGHES, J.), entered December 20, 1974, dismissing Jesus Serrano, Jr.'s petition for a writ of habeas corpus, should be reversed, on the law, and the application should be granted to the extent of directing the Board of Parole to expeditiously accord petitioner the right to a final revocation hearing.

MURPHY, J. (dissenting in part). Although correctly comparing relator's "right to a prompt revocation hearing * * * [to a criminal defendant's] right to a speedy trial", the majority would nevertheless deny petitioner the only appropriate sanction for its improper denial — dismissal of the parole violation charges. I would grant such relief. (Cf. *People v Blakley,* 34 NY2d 311.)

MARKEWICH, J. P., MURPHY, LANE and NUNEZ, JJ., concur with LUPIANO, J., as to Dennis Allah; MARKEWICH, J. P., LANE and NUNEZ, JJ., concur with LUPIANO, J., as to Jesus Serrano, MURPHY, J., dissenting in part in an opinion.

Judgment, Supreme Court, Bronx County, entered on December 20, 1974, unanimously reversed, on the law, the detainer warrant vacated and the declaration of delinquency as to relator-appellant Dennis Allah, also known as Williams, dismissed with prejudice.

Judgment, Supreme Court, Bronx County, entered on December 20, 1974, reversed, on the law, and the application granted to the extent of directing the Board of Parole to

expeditiously accord relator-appellant Jesus Serrano, Jr., the right to a final revocation hearing.