Per Curiam.

The issue is whether a parolee held on an unrelated criminal charge is entitled to a prompt final revocation hearing. The answer is that he is.
Preliminarily, the appeal, as has been suggested, should not bé dismissed for mootness in view of relator’s subsequent conviction of the crime for which he had been charged. Even if the issue be mooted, the appeal should not be dismissed as *447 moot if a question of general interest and substantial public importance is likely to recur (People ex rel. Guggenheim v Mucci, 32 NY2d 307, 310; accord, e.g., Matter of Jones v Berman, 37 NY2d 42, 57; East Meadow Community Concerts Assn. v Board of Educ. of Union Free School Dist. No. 3, 18 NY2d 129, 135). Such a recurring question is involved.
Although there is no fixed time within which a final parole hearing is required, the Parole Board is nevertheless required to hold such hearing within a reasonable time (Correction Law, § 212, subd 7; see, e.g., Morrissey v Brewer, 408 US 471, 488; People ex rel. Allah v Warden, 47 AD2d 485, 487; Matter of McLucas v Oswald, 40 AD2d 311, 315). Despite conclusive cause to believe a condition of parole has been breached, the parolee is entitled to a final revocation hearing, with the right to counsel, because of the divers factors which may influence the parole decision in fixing the period, if any, to be served under the prior unexpired sentence (see People ex rel. Donohoe v Montanye, 35 NY2d 221, 226).
Of course, the parolee, in order to receive a hearing, must be in the custody of a correction facility as an inmate in connection with which the Parole Board has parole jurisdiction (cf. People ex rel. Petite v Follette, 24 NY2d 60, 64). In this case, there was such custody and it is immaterial that the technical form of the custody was by virtue of temporary detention due to inadequate detention facilities in the City of New York (People ex rel. Allah v Warden, 47 AD2d 485, 487-488, supra). The fact is that the parolee was in a place subject to the convenience and practical control of the Parole Board.
The view urged and taken in some Federal cases that a parolee, still under unrelated charges, should not be compelled to consider waiving his privilege against self incrimination in the parole hearing is insubstantial (see, e.g., Burdette v Nock, 480 F2d 1010, 1012; Avellino v United States, 330 F2d 490, 491, cert den 379 US 922). That is the parolee’s choice with the advice of counsel. If he wishes he may waive the hearing or seek its adjournment but where he demands a hearing, as here, he is entitled to it.
Moreover, although probably never required, relator established a plausible basis for prejudice. It would have been futile to have posted bail, fixed at $1,500, in the unrelated criminal proceeding, because it would not have resulted in his freedom, so long as the parole detention subsisted (e.g., People ex rel. Allah v Warden, 47 AD2d 485, 488, supra; Matter of Wright v *448 Regan, 46 AD2d 163, 167; see, generally, Lee and Zuckerman, Representing Parole Violators, 11 Grim L Bull, pp 327, 328, 329).
Insofar as the Parole Board regulation bars the right to counsel in final revocation hearings, where the parolee has been convicted of a crime while on parole, it offends his right to counsel under the State Constitution. It was so held in People ex rel. Donohoe v Montanye (35 NY2d 221, 227, supra).
Accordingly, the order of the Appellate Division should be afffirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.