■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH RUSSO, Respondent, v WARDEN, NEW YORK CITY PENITENTIARY, Appellant.—Appeal from judgment, Supreme Court, Bronx County, entered February 17, 1976, granting writ of habeas corpus is unanimously dismissed as moot, without costs and without disbursements. Relator, a prisoner serving a definite sentence of imprisonment (two concurrent terms of one year each) was committed to the custody of the New York City Commissioner of Correction on June 16, 1975. On or about September 1, 1975, he applied for a conditional release pursuant to subdivision 2 of section 70.40 of the Penal Law. His application having been denied for reasons which were stated, he applied for a writ of habeas corpus. The Supreme Court granted the writ to the extent that a hearing be conducted. The court was apparently of the opinion that a hearing would be required by statute in the case of a prisoner serving an indeterminate sentence and there was no adequate reason for distinguishing that case from the case of a prisoner serving a definite sentence. We have considerable doubts as to the correctness of the decision appealed from (see, e.g., *Haymes v Regan,* 525 F2d 540, 544), and the significant differences between provisions governing conditional release from an indeterminate sentence (Penal Law, § 70.40, subd 1, par [b]) and conditional release from a definite sentence (Penal Law, § 70.40, subd 2; Correction Law, § 827). But we think the appeal should be dismissed as moot for these reasons: While the relator was presumably in custody at the time of the decision in the Supreme Court, the maximum period of his sentence (one year) has now expired and he is no longer in custody. The case is therefore moot as to him. Relator's attorney has therefore declined to file a brief in this court. There is of course precedent for an appellate court to consider on

the merits a case which is technically moot because the issue is a recurring one. *(People ex rel. Donohoe v Montanye,* 35 NY2d 221, 224.) But in the *Donohoe* case there was full participation not only by the Attorney-General but by the attorneys for the prisoner and by the Legal Aid Society, Parole Revocation Defense Unit, *amicus curiae.* We do not think that important constitutional and statutory issues affecting the public interest and the rights of thousands of prisoners serving a definite sentence in the State should be decided by this court on an ex parte presentation by the Attorney-General with no presentation in opposition thereto, if that can be avoided, even though we do have the thoughtful opinion of the Supreme Court Justice the other way. Furthermore, if we reversed, in the absence of a willing losing litigant, there would be no way that the present case could be appealed to the Court of Appeals, which alone can settle the law for the State. Finally, the record is not clear as to whether there was not some kind of an informal hearing in this case. In the not unlikely event that there will be additional such applications as were involved in this case, if another Justice grants habeas corpus, the Attorney-General could assure consideration of this question by an appellate court on appropriate presentation by both sides in a case that has not become moot, by the simple device of prosecuting the appeal very promptly, and if necessary, asking that the appeal be expedited. Concur—Markewich, J. P., Murphy, Birns, Silverman and Capozzoli, JJ.