■ In the Matter of RODNEY L. ZOBRIST, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, et al., Appellants.—Judgment unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: Petitioner was conditionally released from Attica Correctional Facility on February 28, 1974. He was declared delinquent by the Board of Parole on June 3, 1974. He was arrested on a new charge in Pennsylvania on June 7, 1974. He remained in a Pennsylvania jail awaiting disposition of that charge and on October 10, 1974 he was sentenced to a term of six months to one year, with credit for time served from the date of his arrest. On July 1, 1974 a New York parole warrant was filed against petitioner in Pennsylvania. Immediately thereafter he wrote to his New York parole officer seeking information not relevant here. While still awaiting disposition of the charge in Pennsylvania, he wrote to then Governor Wilson asserting that the parole warrant prevented him from making bail and asking the Governor to have the warrant withdrawn. The warrant was not withdrawn and petitioner served a full year on the Pennsylvania charge. The Parole Board chose to await disposition of the foreign charge before proceeding on the parole violation. Petitioner was returned to Attica Correctional Facility on July 6, 1975. In this article 78 proceeding, converted by Special Term from habeas corpus, · petitioner sought jail-time credit from July 1, 1974 to June 7, 1975. Upon a finding that petitioner "was in the constructive custody of New York from the date of the filing of the detainer warrant, July 1, 1974 until he was sentenced on the Pennsylvania charge on October 10, 1974" the court awarded "local jail time credit" of 102 days to petitioner. Respondent State appeals and correctly asserts that the granting of jail-time credit in these circumstances violates section 70.40 (subd 3, par [c], cl [iii]) of the Penal Law. That section provides that where a person who is conditionally released on parole has been declared delinquent and is thereafter in custody on another charge on which he is convicted, he shall receive credit for such time in custody only to the extent of "the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction." Here the maximum term imposed and served by petitioner in Pennsylvania was one year. Thus he is not entitled to any credit for custody time against the term or maximum term of his interrupted sentence. Petitioner's reliance upon *People ex rel. Middleton v Zelker* (42 AD2d 998, affd 36 NY2d 691) is inappropriate. That case enunciated a "constructive custody" doctrine in relation to local jail-time credit under subdivision 3 of section 70.30 of the Penal Law. Such is not the case here and it should be noted that the court in Middleton found it significant that the sentences imposed in two New York State counties were directed to be served concurrently. Petitioner asserts that had the Parole Board afforded him an immediate revocation hearing, he would then have been in the custody of the New York State Department of Correction and thenceforth would have received jail-time credit. While it is true that the Parole Board must afford a revocation hearing within a reasonable time (Correction Law, § 212, subd 7; *Morrissey v Brewer,* 408 US 471, 488; *Matter of Beattie v New York State Bd of Parole,* 39 NY2d 445; *People ex rel. Allah v Warden, Bronx House of Detention,* 47 AD2d 485, 487-488), that mandate applies only where the parolee is "in the custody of a correction facility as an inmate in connection with which the Parole Board has parole jurisdiction" *(Matter of Beattie v New York State Bd of Parole, supra,* p 447). (Appeal from judgment of Wyoming County

Court—article 78.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.