Robert M. Haft, J.
The relator in this habeas corpus proceeding alleges that he has been denied a parole revocation hearing for an unconscionable period of time and that the hearing itself was conducted in a manner violative of his rights to due process. The relief sought is the vacatur, with prejudice, of the parole detainer warrant lodged against him and his return to parole status.
On June 14, 1968, relator was sentenced in Supreme Court, Kings County, to an indeterminate 10-year sentence for the crime of robbery in the second degree. Paroled in July, 1971, he was declared delinquent on June 9, 1972, as of March 16, 1972, for absconding from parole supervision. On December 14, 1972, respondent Parole Board was advised that the rela *125 tor had been arrested on Federal charges of armed robbery in Charleston, South Carolina, and sentenced on July 10, 1973, to a term of 20 years, his earliest release date being 1986. On October 31, 1973, a parole detainer warrant was lodged against the relator at the United States penitentiary at Lewis-burg, Pennsylvania. In June, 1974, the relator, by letter, requested that respondent arrange a parole revocation hearing, but it was not until August 8, 1976, that the hearing was finally held at the Federal Metropolitan Correctional Facility in New York City. The Parole Board panel sustained 7 of the 11 charges of parole violation and revoked relator’s parole status.
The reasons for the delay in the granting of the hearing are not entirely clear. A hearing scheduled for August 28, 1975 was never held because the relator was not present. It also appears that motions demanding a revocation hearing were made on two previous occasions in Kings County. Respondent alleges that it was never served with any papers on the first occasion and that the subsequent motion was denied. But since there appears not to have been a final order from which relator could have appealed, this court will consider the application de nova.
The relator first contends that respondent failed to grant him a speedy parole revocation hearing, and that its failure promptly to execute the detainer warrant resulted in loss of jurisdiction. Morrissey v Brewer (408 US 471), is cited in support of his position. The court in Morrissey (p 488) held that before a parolee’s status can be changed, he "must have an opportunity to be heard and to show, if he can, that he did not violate the conditions [of parole] or, if he did * * * that the violation does not warrant revocation. The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months * * * would not appear to be unreasonable.”
Relator’s claim that he has been denied a timely hearing must fail. The stricture imposed by the Supreme Court in Morrissey applies only where a Parole Board orders a parolee to return from conditional liberty to prison. Under such circumstances the parolee suffers a "grievous loss” and is entitled to a prompt hearing to determine probable cause. In the instant case, relator’s present incarceration results from a subsequent conviction and not from Parole Board action. Imprisonment as a result of the New York parole revocation *126 would not commence until the expiration of the Federal sentence now being served. This distinction was the subject of Matter of Mullins v State Bd. of Parole (43 AD2d 382 [3d Dept], app dsmd for mootness 35 NY2d 992). In that case, factually similar to the instant matter, the court stated (p 383): "We find nothing in the applicable statutes or the decision of the Supreme Court in Morrisey v. Brewer (408 U. S. 471), which would mandate a prompt revocation hearing when a parolee is already serving a sentence of imprisonment following conviction for a new offense.”
Although the Appellate Division in this Department, in People ex rel. Allah v Warden, Bronx House of Detention (47 AD2d 485 [1st Dept]), held that the State Board of Parole cannot indefinitely postpone a final revocation hearing merely because the parolee is being held pending disposition of new criminal charges in a facility within the State, Mullins (supra) is the only appellate authority involving the question of the right to a prompt hearing following a conviction while on parole.
The interpretation of Morrissey as set forth in the Mullins decision is now buttressed by the very recent United States Supreme Court opinion in Moody v Daggett ( 429 US 78). In that case, the petitioner was convicted of homicide on a Federal reservation while on parole from an earlier Federal conviction. The Federal Board of Parole issued but did not execute its parole violator warrant. Petitioner requested the board to execute the warrant immediately so that any imprisonment imposed for violation of his earlier parole could run concurrently with his homicide sentence. Relying on Morrissey v Brewer (supra), the petitioner commenced a habeas corpus proceeding seeking dismissal of the detainer warrant on the ground he had been denied a prompt revocation hearing. The court held that there was no constitutional requirement for an immediate hearing. The two-month period of delay suggested in Morrissey as acceptable, the court stated, commences only upon execution of the detainer warrant. In instances where the parolee is convicted of and incarcerated for a new offense, the Parole Board is not required to execute its warrant. This recent decision of the Supreme Court with respect to Federal sentences, though not binding on this court, is certainly persuasive and is adopted herein. Moreover, in this case, relator was granted a hearing before the warrant was executed and while he was still in Federal custody.
*127 The second branch of the relator’s motion concerns the propriety of the final revocation hearing held on August 8, 1976, and the Parole Board’s decision to revoke parole. It is relator’s position that his due process rights were violated by the introduction of hearsay to support the charges and by the incorrect statement made by the board that "they could not reparóle a person to federal authorities if his parole was revoked.”
At the outset, it should be emphasized that a parole revocation hearing is not a criminal trial but, rather, an administrative hearing to determine whether a parolee has violated the conditions of his parole (People ex rel. Maggio v Casscles, 28 NY2d 415). Action taken by the Parole Board to either grant or revoke parole is deemed a judicial function and is not reviewable if done in accordance with law (People ex rel. Menechino v Warden, 27 NY2d 376; Correction Law, § 212, subd 10).
Morrissey v Brewer (408 US 471, supra) sets forth the minimum procedural guarantees due a parolee at his revocation hearing: written notice of all claimed violations; disclosure of evidence; the opportunity to be heard in person, to present witnesses and documentary evidence, and to confront adverse witnesses; a neutral and detached hearing body; and a written statement by the fact-finders justifying their decision. The parolee also has the right to be represented by counsel (People ex rel. Donohoe v Montanye, 35 NY2d 221). Within these guidelines each State has the responsibility of enacting a fair code of procedure (Morrissey v Brewer, supra, p 489). Our "code of procedure” is contained in section 1925.35 of the rules and regulations of the Department of Correctional Services (7 NYCRR 1925.35).
The court in Morrissey specifically distinguishes a revocation hearing from a criminal prosecution. The hearing "is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial” (408 US, at p 489). This clearly includes hearsay. In the instant case, relator objected to the introduction of violations reports prepared by a parole officer not present at the hearing. Under both Morrissey and the Rules and Regulations of the Department of Correctional Services, such evidence is admissible. It should be noted that charge "10” (relator’s Federal conviction for bank robbery), sufficient in itself to warrant *128 revocation, was sustained by judicial determination. The fact that relator did not contest any of the charges also weighs heavily against intervention by this court.
Relator’s additional contention that the board misapprehended its ability to reparole him once parole had been revoked is also without merit. The minutes show that a member of the panel in colloquy with counsel raised the question of the board’s power to reparole but no incorrect determination was ever made.
Relator’s motion is denied in all respects.