ROBERT J. McGUIRE, as Police Commissioner of the City of New York, Respondent, v I. MICHAEL KRANE et al., Appellants.—Judgment, Supreme Court, New York County, entered on June 5, 1978, affirmed, without costs and without disbursements. Concur—Birns, Silverman, Markewich and Sandler, JJ.; Kupferman, J. P., concurs in part and dissents in part in the following memorandum: The Police Commissioner of the City of New York has been granted an injunction against solicitation of funds by the Patrolmen's Benevolent Association of the City of New York (PBA) in the nature of contributions or donations for a souvenir journal in connection with the 1978 Policemen's Ball. It is contended that the solicitation violates rules of the police commissioner and is in derogation of his statutory authority to administer the department. Inasmuch as the ball is over, our "after"-consideration can be with the implications of the ruling. Although the date of the specific function has passed, the matter is of significance. (See *People ex rel. Donohoe v Montanye,* 35 NY2d 221, 224; *Matter of National Organization for Women v State Div. of Human Rights,* 34 NY2d 416, 419; *Matter of Gold v Lomenzo,* 29 NY2d 468, 475-476.) The PBA is a labor organization separate and apart from the police department. Concededly, the PBA is the recognized bargaining representative for the members of the police department. This labor organization has entered into an agreement with a fund raiser for the purposes interdicted. No policeman in his individual capacity is involved in the solicitation of funds. If a contribution is made, the contributor receives a sticker with the PBA insignia and

the legend "May the Force be with you".* It is contended that the use of such a sticker by a motorist may lead a member of the force to ignore a violation and thus abjure his duty. However, this is a union label, and we have oft been told that we should "look for the union label". Moreover, injunctions in labor disputes are frowned upon. (Cf. Labor Law, § 807.) The fund raiser receives, under the solicitation contract in question, 60% of the proceeds, with 40% being returned to the PBA for use for the announced purpose of purchasing bullet proof vests, emergency financial assistance, canteen expenses, and to further union objectives. That the amount paid to the fund raiser for the solicitation seems inordinately high might be postulated as a ground for injunction. However, it may be that that is a matter rather for the Attorney-General. (Cf. Executive Law, § 175 [former Social Services Law]; General Business Law, § 349.) In any event, the injunction was granted based on the broad powers of section 434 of the New York City Charter gives to the police commissioner in the administration and discipline over the police department and its members, rather than because a specific contract may contain terms that are excessive. There is also the issue of discriminatory enforcement. There are other police oriented organizations, which raise funds from the public, e.g., Police Athletic League (PAL), *Spring 3100,* a magazine, the "house organ" of the police department. PAL also gives a sticker. While some may think of these organizations as more worthy or in greater need of support, that should really be an issue of fact. (See *Matter of Di Maggio v Brown,* 19 NY2d 283.) This matter deserves more consideration than a simple enforcement of the fiat of the police commissioner, and there should be a remand for a hearing forthwith with respect to the question of a permanent injunction.

---

* This line is undoubtedly brought to mind by the motion picture "Star Wars".