## SILVERS v. WHITE, U. S. Marshal.
No. 3149–A.

First Division. Juneau.
March 9, 1931.

Hellenthal & Hellenthal, of Juneau, for plaintiff.
United States Attorney, for the United States.

HARDING, District Judge.

In the matter of Doc Silvers, plaintiff, v. Albert White, United States Marshal, petition for writ of habeas corpus. This proceeding is before the court upon a petition for a writ of habeas corpus. A demurrer was filed to this petition by the United States attorney. I am not just exactly sure whether, under the conditions, the demurrer was the proper way to raise the question as to the sufficiency of this writ. However, the case has been argued before the court by counsel on the question of the sufficiency of the petition to warrant the issuance of a writ of habeas corpus.

This petition sets forth a number of grounds upon which it is alleged the habeas corpus would lie.

First. It sets forth the fact that the search warrant issued at Hoonah was insufficient, and that the affidavit upon which the search warrant was based did not justify the issuance of the search warrant, and also alleged the warrant of arrest upon which this defendant was brought into custody was an improper warrant. Counsel has not urged these grounds in his argument, however, and I do not think they are entitled to very much consideration on a writ of this kind. It seems obvious to the court they do not constitute grounds for the issuance of a writ of habeas corpus.

Also this petition sets up certain parts of the complaint upon which the claim is based that the crime for which this man was sentenced, or the acts for which he was sentenced do not constitute a crime; that is, that he was sen-

tenced for acting in a drunken and disorderly manner in a public place rather than being drunk and disorderly in a public place. The whole petition, however, seems to me to show that the petitioner was not under any misapprehension as to the cause for which he was sentenced. It shows that the commissioner stated that he was waiting until he got a copy of the Bone Dry Law (39 Stat. 903); so at least it is clear he understood he was being sentenced under the Bone Dry Law. Furthermore, regardless of that fact, the petition does not purport to set up the entire complaint. It sets up a certain phrase of that complaint, and then another phrase is added, that the offense took place in a public building, which, it is said, the petitioner suspicioned was added after the complaint had actually been filed. Then the petitioner attempts to incorporate the record of the court as part of this petition, contrary to well-established rules of pleading. I do not feel that the allegations with regard to the complaint are sufficient to raise any question as to the legality of the complaint. The question before the court would be as to the sufficiency of the entire complaint to charge a crime within the jurisdiction of the justice; and, in determining a question of this kind as to whether or not the complaint is so defective that no crime is shown to have been charged, it would surely be essential that the entire complaint and not excerpts thereof, be set forth. An attempt has been made to incorporate the complaint by incorporation of the record, but a record cannot be made part of a petition in this manner. This is apparent when we consider that a case of this kind may go up on appeal, and then there is no record to present showing the case to the appellate court; the public record would have to be filed with the petition. I am of the opinion, therefore, that no point as to the complaint is properly raised in this petition.

▆ The petition then alleges that upon information and belief the petitioner does not think that he pleaded guilty or was tried. The records in this case show a commitment that is substantially legal on its face, purporting to be a copy of

a judgment. This judgment, this commitment, it is true, recites that the petitioner pleaded guilty and then was tried. It seems obvious to the court that the statement, "And then was tried by the court," or "trial had by the court," was inadvertently added. But it would not affect the validity of the plea of guilty or invalidate the effect thereof that the petitioner was also tried, if such were the case.

■ The commitment reciting the judgment and containing what purports to be a copy of the judgment shows petitioner pleaded guilty; and there is certainly a reasonable presumption that the commissioner acted in a legal manner. Against these facts the petitioner sets up on "information and belief" that "he didn't plead guilty." It certainly seems inadequate that the petitioner who, of all persons, should know whether or not he pleaded guilty, would plead as to such fact on information and belief and expect a writ of habeas corpus to be issued on such showing; and I am of the opinion that these allegations would not constitute ground for the issuance of this writ.

■ It is further stated no judgment was entered, and therefore there was no judgment in this case. This point was passed upon by Judge Reed in the Mayberry Case.

So this court has already passed upon the question of whether an entry in the docket is essential to maintain a judgment; but that point has also been passed upon in other cases. I have examined with care the cases presented by the petitioner in this case—those that I could find. There are a number of Louisiana cases cited that are not to be found in the library of this court. The cases I examined that were cited were not in point on the questions. Those decisions that could be found were carefully examined. Against that contention, however, and directly in point, I found Hickey v. Hinsdale, 8 Mich. 267, 77 Am.Dec. 450, a Michigan case, decided by one of the outstanding courts in Michigan, on which Campbell, Christiancy, and Martin and Manning were the judges. That decision, based upon a similar statute to the one relied upon by

petitioner, but with additional and stronger provisions, reads in part as follows: "By § 3890 of Compiled Laws, every justice of the peace is required to keep a docket, and to enter therein the title of all cases commenced before him, the time when the first and subsequent process was issued against the defendant, and the particular process issued; the judgment rendered by the justice, and the time of rendering the same, the time of issuing execution, and the name of the officer to whom delivered. This section is divided into fifteen subdivisions, only four of which we have stated, each subdivision requiring certain things when they occur in the progress of the case, to be entered on the docket."

The statute further provides, and this part of it is much stronger than the provisions of the Alaska statute, that, where "A plaintiff shall be nonsuited, discontinue or withdraw his action, and where a judgment shall be confessed, and in all cases where a verdict shall be rendered, or the defendant shall be in custody at the time of hearing the cause, the justice shall forthwith render judgment, and enter the same in his docket; in all other cases he shall render judgment and enter the same in his docket within four days after the cause shall have been submitted to him for his final decision."

The court considers the purpose of this statute, and states that the entry in the docket is evidence of the judgment, but not the judgment itself; that one is a judicial and the other a ministerial or clerical act. "They are as separate and distinct from each other in a justice's court as in this court, where the judgment is pronounced by the court, and the record is afterwards made up by its clerk from minutes taken by him at the time." Also, "We see no good reason why the same may not be done in a justice's court, unless it is prohibited by the statute. The object of the statute, most probably, was to provide for a more perfect record, and to give greater security to justice's judgments, by requiring an entry of the proceedings and judgment in each cause to be

made in a book called the docket. The statute makes a transcript from the docket, certified by the justice, evidence of the judgment, and of all prior and subsequent proceedings in the cause, required to be there entered. Was not this the sole object of the statute? Or must each and all of the proceedings required to be entered on the docket be proved by the docket? and if not entered there, through inadvertence or otherwise, be held void and of no effect? Few justice's judgments, it is to be feared, would stand so severe a test; and we are unwilling, unless compelled to do so, to give a construction to the statute that will put the rights of suitors in so much peril from the ignorance or negligence of the justice. The proceedings in justice's courts have ever been regarded with the greatest indulgence, and it is not to be presumed the Legislature intended to prescribe a more rigid rule to be observed by justices in rendering judgment, than obtains in courts of record."

This case is stronger than the one at hand and entirely in point; so I feel that the mere showing that a judgment of a justice was not entered on his docket is not equivalent to a showing that there was in fact no valid judgment in the case. In fact the judgment could be entered at any time, so far as I know, under the statutes of this territory.

I feel, for the reasons I have stated, that the petition in this case does not warrant the issuance of the writ of habeas corpus, and so hold.

Mr. Hellenthal: Your honor will allow me an exception?

The Court: Yes.