**Elmo WILLIAMS, Petitioner,**

v.

**H. V. FIELD, Superintendent, Respondent.**

**Civ. No. 69–786.**

United States District Court
C. D. California.

July 21, 1969.

Elmo Williams, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., William V. Ballough, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California State prisoner, presently incarcerated at the California Rehabilitation Center at Norco, California, who here seeks relief from an allegedly improper revocation of his parole status. More specifically, he charges:

(1) that his parole was revoked because of a "hearsay telephone call that petitioner did not make", and that "if any telephone calls were made to petitioner's sister they were made by someone else";

(2) that his parole officer fabricated the parole violations and falsified parole documents; and

(3) that the revocation of his parole was without cause in violation of California Penal Code § 3063, and was arbitrary and oppressive in violation of the due process clause of the Fourteenth Amendment.

After reviewing the Petition for Writ of Habeas Corpus, the Response, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons:

1. Petitioner's first contention, that his parole revocation was improperly based upon an untrue, hearsay telephone call, will not support the issuance of a writ of habeas corpus. This contention refers to the second charge in the violation report in which it was charged that petitioner called his sister seven times in one evening and made threats against her, her husband, and petitioner's ex-wife. This behavior constituted a breach of a parole condition that he discontinue contact with his sister. Petitioner's claim that he did not make these calls, and that, in any event, it was only hearsay evidence (his sister informed petitioner's parole officer of the nature of the calls) does not raise a substantial federal question, since it merely challenges the sufficiency of the evidence. Moreover, petitioner is not now in a position to challenge this charge, since he originally pleaded guilty and admitted contact with his sister.

Parole revocation proceedings are different in nature and purpose from a

trial with its constitutional protections. The dispute which is resolved in a parole revocation is essentially an administrative rather than a judicial determination. Duffy v. Wells, 201 F.2d 503, 506 (9th Cir.1952); Fleischer v. Adult Authority, 202 Cal.App.2d 44, 46, 20 Cal. Rptr. 603, 605–606 (1962). The following language is helpful in understanding the nature and purpose of a parole revocation proceeding:

> " * * * parole considerations follow long after the completion of the sentencing procedure as a matter of the State's leniency, largesse and discretion exercised in an effort to act in the best interest of the public and the individual involved. Parole consideration is not a proceeding against a defendant within the meaning of constitutional guarantees." Sorensen v. Young, 282 F.Supp. 1009, 1010 (D. Minn. 1968).

 2. Petitioner's second contention, that his parole officer fabricated parole violations and falsified parole documents, is vague, conclusory, and not supported by factual allegations. The burden of proving that his parole has been improperly revoked rests on the petitioner, and he should specifically allege the facts upon which he bases his allegation that he was denied his Federal constitutional rights. Brown v. Allen, 344 U.S. 443, 458 n. 6, 73 S.Ct. 397, 97 L.Ed. 469 (1953). This burden is not met when, as in the instant case, the petitioner makes mere conclusionary allegations without the support of facts. Schlette v. People of California, 284 F. 2d 827, 833–834 (9th Cir. 1960), cert. den., 366 U.S. 940, 81 S.Ct. 1664, 6 L. Ed.2d 852 (1961).

 3. Petitioner's third contention, that the revocation of his parole was in violation of California Penal Code, § 3063 and the due process clause of the Fourteenth Amendment, is clearly without merit. The California Adult Authority has the power to revoke parole on such evidence as it determines is reasonable unless such action is arbitrary or capricious. Dunn v. California De-

partment of Corrections, 401 F.2d 340, 342 (9th Cir.1968). The facts before this Court show that there was sufficient evidence for the parole board to conclude that petitioner had blatantly violated the conditions of his parole. Since the action of the California Adult Authority was supported by substantial evidence, it was clearly not arbitrary, capricious or oppressive and no Federal constitutional question is raised. Dunn v. California Department of Corrections, *supra.*

 Since the facts before this Court demonstrate that the parole revocation was proper, petitioner is not entitled to an evidentiary hearing, nor is he entitled to any relief.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.