Jasen, J.
In each of the cases before us[1], we are called upon to consider for the first time whether a parolee has a due process right to the assistance of counsel at a preliminary parole revocation hearing.
The Supreme Court recently addressed itself to this issue with respect to indigent probationers and parolees, holding that due process does not invariably require the assistance of counsel at a preliminary or a final revocation hearing. (Gagnon v. Scarpelli, 411 U. S. 778.) The holding in Gagnon {supra) is, in part at least, at variance with our recent decision in People ex rel. Menechino v. Warden (27 N Y 2d 376). In the Menechino case, the majority were of the opinion that the right to counsel at a final revocation hearing is mandated by the due process clauses of the Federal and State Constitutions. But, in Gagnon, the Supreme Court made it clear that the Federal Constitution confers only a conditional or discretionary right to counsel at a final parole revocation hearing. To the extent that our decision in Menechino is predicated on the Federal Constitution, it must be read with Gagnon. The Gagnon decision also forecloses further debate as to a parolee’s Federal due process right to counsel at a preliminary revocation hearing. It, too, is conditional or discretionary. Thus, the issue in the cases before us narrows to a resolution of whether the State Constitution requires the assistance of counsel at the preliminary parole revocation hearing.
At the outset, it would be useful to examine the nature and scope of a preliminary hearing in the parole revocation process. To begin with, the revocation of parole is not part of a criminal prosecution, and, thus, all of the rights due a defendant in a criminal proceeding do not apply to parole revocations. As Chief Justice Burger incisively noted in Morrissey v. Brewer (408 U. S. 471), u [r] evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only *31 of the conditional liberty properly dependent on observance of special parole restrictions.” (408 U. S., at p. 480.)
There can be little doubt that the preliminary hearing is intended to be informal and summary in nature, with only a “minimal inquiry” necessary to determine whether there is probable cause or reasonable grounds to believe that the parolee has committed acts that would constitute a violation of parole conditions. With regard to the process that is due at such hearings, the parolee is entitled to notice of the hearing and the nature of the charges. The parolee, of course, should be given an opportunity to appear at the hearing and to testify in his own behalf, as well as to present such relevant evidence, including the testimony of witnesses, as may assist the hearing officer in determining whether further revocation proceedings are warranted. Once the hearing officer is satisfied that there is probable cause to believe that the terms of parole have been violated, the parolee may be detained for a full revocation hearing. Since the preliminary hearing anticipates only a “ minimal inquiry ” as to the alleged violations and does not require a final resolution of charges or factual issues, it. is doubtful that the presence of counsel would be of any constructive assistance to the parolee. Certainly, in the vast majority of eases, there should be no need for the assistance of counsel at this preliminary stage of the parole revocation process. Of course, at the final revocation hearing, where the parolee’s fate hangs in the balance, the assistance of counsel is assured, under our State Constitution, so that the Parole Board may be “ accurately informed of the facts before it acts ’ ’. (People ex rel. Menechino v. Warden, 27 N Y 2d 376, 383.) In a Word, the preliminary revocation hearing is not critical to the fairness of the final hearing which follows.
This is not to say, however, that the assistance of counsel at the preliminary hearing may never be necessary to satisfy the requirements of due process. Undoubtedly, there will be cases in which fundamental fairness — the touchstone of due process —will compel the assistance of counsel. In giving definition to the requirements of Federal due process, the Supreme Court has formulated useful guidelines in the Gagnon case, wherein the court noted, “ [p ] resumptively, it may be said that counsel should be provided in cases where * * * the probationer or parolee makes such a request, based on a timely and colorable *32 claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is^uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on á request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the [parolee] appears to be capable of speaking effectively for himself.” (411 U. S. 778, 790-791.)
In sum, a parolee’s due process right to counsel at a preliminary revocation hearing under the State Constitution should be coextensive with that under the Federal Constitution and no more. Whether due process requires the assistance of counsel at this preliminary stage should depend on the peculiarities of particular cases. The decision as to the need for counsel should be made on a case-by-case basis in the exercise of a sound discretion by the Parole Board in accordance with the afore-mentioned guidelines.[2]
As a subsidiary issue on this appeal, appellants Calloway, Robinson and Richardson argue that Morrissey is fully applicable to all. parolees whose revocation proceedings were pending on the date of that decision (June 29,-1972). The Supreme Court, in Morrissey, stated that its decision — requiring prer liminary and final parole revocation hearings, was prospective, applicable only to ‘ ‘ future revocations of parole ’ ’. (408 TJ. S., at p. 490.) The problem seems to be one of definition — what is meant by a “ future revocation of parole ”.
For purposes of determining the applicability of Morrissey to these parolees and others similarly situated, it is necessary to understand the proceedings incident to a violation of parole. To begin with, parole revocation is a process. It is initiated by the issuance of a warrant for the retaking and temporary *33 detention of the parole violator followed by his actual arrest. (Correction Law, § 216; 7 NYCRR 1.17 [a].) (A warrant is not always necessary, however.) A violation of parole report is then prepared (usually by the violator’s parole officer) and presented to a member of the Board of Parole. (7 NYCRR 1.17 [b].) After considering the charges, the Parole Board member1 may declare the parolee delinquent and order his return to the appropriate institution. (7 NYCRR 1.17 [b].) Upon return to the institution, the parolee is afforded a hearing before the Parole Board, at which hearing certain minimum requirements of due process apply. (Correction Law, § 218; 7 NYCRR 1.19; People ex rel. Menechino v. Warden, supra.)
In determining whether a parolee is entitled to a preliminary hearing, the critical stage in this process is the declaration of delinquency by the Parole Board member. (7 NYCRR 1.17.) That is to say, if on the date of the Morrissey decision the charges of delinquency had not yet been considered and the parolee had not yet been declared delinquent by a member of the Parole Board, then he should be entitled to a Morrissey preliminary hearing for the revocation process had not yet been engaged. That the delinquency may be declared retroactive and that the actual arrest may predate Morrissey, is, we think, irrelevant for the purpose of determining whether a Morrissey preliminary hearing should be available to the parolee. On this view, the Appellate Division correctly held that petitioner Richardson, who was declared delinquent on May 5,1972, before the Morrissey decision, was not entitled to a preliminary hearing. By the same token, relators Calloway and Robinson and petitioner Stephens, all of whom were declared delinquent subsequent to Morrissey, were properly afforded preliminary hearings.
It is also argued by appellants Calloway and Robinson, that a due process right to bail exists for a parolee detained in advance of a revocation hearing. We conclude that a parolee is not entitled to bail. Our State Constitution does not decree a right to bail, but merely proscribes “ excessive bail ”. (N. Y. Const., art. I, § 5; People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393, 398.) The right to bail is purely statutory (People v. Wirtschafter, 305 N. Y. 515,‘ 519; People ex rel. Shapiro v. Keeper of City Prison, supra) and is clearly delin *34 eated in the Criminal Procedure Law (CPL art. 530). “ When a principal, whose future court attendance at a criminal action or proceeding is or may be required, initially comes under the control of a court, such court must, by a securing order, either release him on his own recognizance, fix bail or commit him to the custody of the sheriff.” (CPL 510.10.) Certainly, a parole revocation proceeding before a Parole Board is not a 1 ‘ criminal action or proceeding ” contemplated by the statute, as the statute specifically refers to a “proceeding * * * under the control of a court ”.
“Even beyond the intent of the statute,” Justice Hopkins aptly wrote for the court in People ex rel. Little v. Monroe (38 A D 2d 398, at p. 400), “ the granting of bail in a parole revocation proceeding would create insuperable problems. The court granting bail is not in control of the proceeding — that is within the power of the board of parole. It is the province of the board to determine when the hearing shall be held. If the person accused of delinquency did not appear at the hearing, after notice, there is no procedure whereby bail would be revoked and the person restored to the custody of the board. Even to improvise a procedure by court rule or decision would be difficult, if attainable.”
Hence, we are of the opinion that, in the absence of specific legislative direction, parolees are not entitled either to bail or to release pending a hearing before the Parole Board.
Finally, it is contended that preliminary hearings for parole violators arrested in the City of New York for violations occurring there should be conducted in the city, rather than at the Ossining Correctional Facility as is the board’s practice.
Included within a parolee’s due process right to a preliminary hearing is the right to have that hearing conducted “ at or reasonably near the place of the alleged parole violation or arrest ”. (408 U. S., at p. 485.) Ordinarily, this would indicate that preliminary revocation hearings should be conducted in the City of New York for parole violations or arrests occurring there. The reason is readily apparent — to facilitate the production of witnesses and other evidence. However, we are advised that because of the overcrowded detention facilities within the City of New York, it has been the board’s practice to detain this class of parolees at Ossining, some 35 miles away, and to conduct their *35 preliminary hearings there as well. While hearings within the City of New York would be preferable, we do not believe that this reasonable expedient procedure adopted by the board should be condemned as violative of Morrissey.
We have considered the other arguments advanced and found them to be without merit.
Accordingly, the orders in People ex rel. Calloway v. Skinner, People ex rel. Robinson v. Skinner, and Matter of Richardson v. New York State Board of Parole should be affirmed; and the order in Matter of Stephens v. Kirsch should be reversed and the petition dismissed.

. In the Calloway and Robinson cases, relators are no longer restrained of their liberty and dismissal of their appeals for mootness would ordinarily be indicated. (E.g., People ex rel. Gatti v. Amico, 30 N Y 2d 955.) However, in view of the importance of the constitutional and subsidiary issues raised, and the desirability of prompt resolution (see, e.g., Matter of Bell v. Waterfront Comm., 20 N Y 2d 54, 61; East Meadow Community Concerts Assn. v. Board Of Educ., 18 N Y 2d 129, 133, 135), we retain jurisdiction.

. There is no need for a remand in these cases to determine if any of these parolees would be entitled to the assistance of counsel under the Gagnon standards. Relators Calloway and Robinson are no longer restrained of Their liberty. Petitioner Stephens was afforded the assistance of counsel, at his hearing. Petitioner Richardson was declared delinquent and ordered returned to custody before the date of the Morrissey decision and, as explained below, should not be entitled to a Morrissey preliminary hearing.