William 0. Brennan, J.
Petitioner was indicted for burglary in the third degree and related crimes. Incarcerated in the Queens House of Detention for Men, he has brought a writ of habeas corpus to challenge the legality of the detention.
On September 27, 1973, while on parole from both State and Federal prison sentences, petitioner was arrested for burglary, criminal mischief, possession of burglar’s tools and attempted grand larceny. Bail was fixed at $1,000 cash and petitioner posted that amount on October 3, 1973. However, he remained incarcerated because a detainer warrant was lodged against him at the Queens House of Detention for Men by the New York Parole Board. Thereafter, petitioner was notified that he would be given a preliminary parole revocation hearing pursuant to Morrissey v. Brewer (408 U. S. 471) on October 23, 1973 at Bikers Island. In fact, the hearing was conducted on October 24, 1973 at the Ossining Correctional Facility. The Parole Board found probable cause to believe petitioner violated the terms of his parole and continued the detainer warrant in effect pending a final parole revocation hearing.
The thrust of petitioner’s claim of illegal detention is that he was denied procedural due process at the preliminary parole revocation hearing because he was not informed of his right to *337 request counsel and was therefore denied the effective assistance of counsel at that proceeding. He also alleges that he did not receive adequate notice of the change in location of the hearing. It is the petitioner’s position that because the preliminary hearing was invalid for the foregoing reasons, the detainer warrant must be vacated and he must be discharged since he has posted bail on the criminal charges. Apart from these contentions, petitioner also advances the claim that he is entitled to bail on the detainer warrant.
Petitioner’s claim of a right to bail as an alleged parole violator incarcerated pursuant to a detainer warrant is without merit. That precise question has been determined in People ex rel. Calloway v. Skinner (33 N Y 2d 23).
Petitioner’s due process arguments require some discussion in light of recent developments in this area. In People ex rel. Menechino v. Warden (27 N Y 2d 376), the Court of Appeals held that a parolee was entitled to counsel at a parole revocation hearing under the due process clauses of both the Federal and State Constitutions. Later the United States Supreme Court had occasion ,to pass on this issue and ruled in Gagnon v. Scarpelli (411 U. S. 778) that no absolute right to counsel at a parole revocation hearing exists under the Federal Constitution’s due process clause. Finally, in Galloway (supra), the Hew York Court of Appeals decided that the assistance of counsel at a final parole revocation hearing was nevertheless guaranteed by the State Constitution. Regarding the right to counsel at the preliminary parole revocation hearing, the Court of Appeals held that the parolee’s right should be coextensive with that under the Federal Constitution and no more {Galloway, supra).
The parolee’s right under the Federal Constitution is described in Gagnon v. Scarpelli (411 U. S. 778, 790-791) as follows: “ It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel [emphasis added], the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon *338 which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.”
The parolee’s right under Gagnon (supra) to request counsel is necessarily concomitant to his being informed that he may request an attorney. The Parole Board cannot exercise its discretion on the request where no request has been made due to petitioner’s lack of knowledge. Therefore, the court holds that under the authority of Galloway (supra) and Gagnon (supra), a parolee has a due process right under the State and Federal Constitutions to be informed that he may request counsel at a preliminary parole revocation hearing. The notification of this right to request counsel, whether oral or written, should make clear to the parolee that the Parole Board has discretion to refuse his request.
The court further finds that the transference of the hearing from Bikers Island to Ossining without adequate notice thereof to the parolee vitiated the parolee’s right to present witnesses in his own behalf (Morrissey, 408 U. S. 471, supra) and resulted in a denial of due process at the hearing.
The detainer warrant which is the basis of petitioner’s present detention was legally lodged. P„s continued effect in a case of this sort depends upon the Parole Board’s having granted petitioner a prompt preliminary parole revocation hearing and its decision thereafter. Since the court has found that the preliminary parole revocation hearing was lacking in due process, the decision of the Parole Board is set aside pending the holding of another hearing. The court will not vacate the warrant at this time.
Accordingly, the writ is dismissed with leave to renew if petitioner is not granted a new preliminary parole revocation hearing which meets the due process standards enunciated in this opinion, on or before January 14, 1974.