George F. Roberts, J.
The petitioner in this habeas corpus proceeding challenges his continued detention pursuant to a parole violation warrant.
On June 20, 1967, petitioner was sentenced to an indeterminate term of imprisonment of not less than 5 nor more than 10 years upon his conviction of robbery, second degree. On November 22, 1971, petitioner was paroled from the Auburn Correctional Facility and was declared delinquent on December 14, 1973, as of August 29, 1973. Petitioner was arrested on another charge on April 2, 1974, and a parole violation warrant was lodged on April 4, 1974 on an additional detainer. Petitioner has been released on recognizance on his pending criminal charges and is now being detained solely on the parole warrant.
Petitioner alleges that he has been denied due process of law in that (1) he was denied his right to confront and cross-examine witnesses at his preliminary revocation hearing, (2) he was denied his right to a notice of the charges against him and the evidence supporting those charges, (3) he was denied his right to a finding of probable cause on each charge, (4) he *255 was denied his right to the notice of the reasons and evidence supporting the finding of probable cause, and (5) he was denied his right to a speedy final revocation hearing.
The court will consider the last of the petitioner’s contentions first. The eight-month delay in affording a parole violator a final revocation hearing does not, in and of itself, constitute a violation of the petitioner’s constitutional right to a speedy hearing under Morrissey v Brewer {408 US 471). Like the right to a speedy trial, the right to a speedy hearing must be decided on an ad hoc basis in the light of all the circumstances (McLucas v Oswald, 40 AD2d 311). In this case the parole board had initially elected to wait until the disposition of the pending criminal charges against the petitioner before proceeding with the final revocation hearing. After demands by the petitioner a final hearing was scheduled on September 25, 1974 (petitioner denies having received notice). Since petitioner was in court on that day, the hearing was adjourned. There is no allegation in the petition that the delay will cause prejudice at the final hearing. Petitioner has available to him all the defenses he could have asserted at an earlier date. The parole board cannot be said to be unreasonable in waiting for the disposition of pending criminal charges by a court rather than disposing of the issue themselves prior to trial or plea. As noted by the Attorney-General in his answering affidavit, a parole violator may well be hampered by the pending criminal charges when he attempts to explain or defend those same charges as violations of parole. The court does not find that the delay from August 22, 1974, the date that the relator first wrote personally demanding an immediate hearing, to the present violates the mandate of Morrissey (supra) or subdivision 7 of section 212 of the Correction Law. The relator’s reliance on People ex rel. McNair v West (77 Misc 2d 150) is misplaced. In that case no hearing of any kind was held for a period of 19 months.
The balance of the relator’s points question the conduct of the preliminary revocation hearing and the failure of the hearing officer to comply with the due process standards required by Morrissey v Brewer (supra). Even recognizing that a preliminary hearing is "informal and summary in nature, with only a 'minimal inquiry’ necessary” (People ex rel. Calloway v Skinner, 33 NY2d 23, 31), this court cannot find any modicum of due process in the minutes of the preliminary hearing. The commissioner began by advising the relator that *256 he had a right to have counsel present. The right to counsel is discretionary, but this would seem to have been an appropriate case to exercise that discretion. (People ex rel. Calloway v Skinner, supra, p 30; People ex rel. Donohoe v Montanye, 34 NY2d 993; People ex rel. Gambino v Warden, 43 AD2d 400.) After relator indicated that he had spoken with counsel and had been advised to say nothing without counsel, the commissioner pressed the relator to proceed without counsel and relator consented, after expressing reservations as to his ability to conduct the hearing himself.[1]
*257 The parole officer who prepared the three charges (of the total of 14) which were considered was not present. Relator attempted to explain why he had not reported to his parole officer on the basis of the conduct of the very officer who was not present. Even if the commissioner felt that the parole officer’s presence was initially not required, certainly at this juncture due process required confrontation (Morrissey v Brewer, supra, p 489).[2] At the end of the hearing probable cause was found only as to the charge that the relator failed to report to his parole officer, and that was based on the relator’s admission at the uncounseled hearing. If constitutional due process was afforded by this hearing, this court would be hard pressed to think of a proceeding which violates due process.
Having found that the conduct of the preliminary hearing violated due process, the court is presented with the dilemma of how to remedy the situation. If the court orders a new preliminary hearing, the relator will be further delayed in obtaining the final hearing he has urgently requested. If the court orders the petitioner to proceed with the final revocation hearing despite the due process violations, another problem arises. The court has been informed that the parole officer who prepared the charges has been hospitalized and will not be available for at least two months. Considering the nature of the defense that relator has presented, the absence of this parole officer would prevent the holding of any meaningful hearing on the charges.
On the other hand the court cannot surmise as to whether or not probable cause would have been found had the petitioner been afforded due process. Clearly such doubts must be resolved in favor of the petitioner. The court cannot condone the continued detention of the petitioner based upon an unconstitutional preliminary hearing.
Therefore the writ is sustained and the warrant is vacated. Petitioner is not to be discharged pursuant to this order until 24 hours’ notice is given to the District Attorney of New York County in accordance with the prior order of Postel, J. in the pending criminal proceedings.

. An excerpt from pages 1 and 2 of the minutes of the preliminary hearing may be illustrative:
Q. If you would like to have one you can get one from Legal Aid or from the courts— they will appoint you one or you can get one of your own, however, if you feel that you can adequately respond to all the questions on this then you make the decision on it.
A. Well, I was told by my lawyer not to say anything — a lawyer from Legal Aid — not to say anything unless a lawyer was present.
Q. Well, you have to make your choice on this.
A. First of all I have a case pending against me — you know.
Q. We are not — wait just a second — we are not interested in any case that is in court, not at all. The charges that we are interested in are those technical rules of parole that you may have violated. Now, that’s what we are going to discuss today. If you feel that you do not wish to discuss these without having an attorney you have to let us know.
A. And if I—
Q. We are not asking or going to anything that is in court — that’s out of our department.
A. If I refused to go along with this at this particular time.—
Q. Yes.
A. When will it occur, here or Sing Sing or what?
Q. Why do you refuse to go along with it at this time?
A. Well, actually because as I understand it—
Q. You requested a preliminary hearing.
A. Since observing this whole thing none of it is correct. I feel I am not qualified—
Q. This is what the purpose of a preliminary hearing is to explore with you and the parole officer whether there is reason — reasonable grounds to believe that you may have violated one or more of the conditions of your parole. You have asked for this hearing and we have the Commissioner here to give you the hearing.
A. Yes.
Q. As Commissioner Jones said we are not going to ask you to make any kind of statement about these pending new arrests. We don’t want you to incriminate yourself or anything else. You signed this sheet on April 4th?
A. 4th?
Q. As you observed there are a number of violations charges that do not concern themselves with criminal activity — with your new arrests and this is what we are exploring here today.
A. I guess we can proceed.

. The minutes are replete with reference to the absent parole officer.