Oscar Murov, J.
This is a habeas corpus proceeding in which the relator alleges that his detention is illegal and requests that the parole violation warrant under which he is detained be vacated with prejudice and that the relator be restored to parole under the same conditions heretofore in effect.
The facts are not in dispute. The statement of facts in the Attorney-General’s memorandum of law recapitulates almost verbatim those facts alleged by the relator and are set forth below:
"On or about January 21, 1972, Relator was sentenced as a youthful offender to an indeterminate term of imprisonment of up to four years in a state reformatory. During the summer of nineteen seventy-three, he was released on parole. On or about December 10, 1973, Relator was arrested by Parole Officer William Provencher, and charged with violation of the conditions of his parole in that he allegedly associated with persons who had a criminal record, and that he gave a false report to his parole officer with respect to his residence and employment. As a result of Relator’s alleged delinquency, a parole warrant was lodged at the Suffolk County jail on December 10, 1973.
*172 "Thereafter, on or about January 16, 1974, a de novo indictment was returned against Relator for criminal sale of a controlled substance, and criminal possession of a controlled substance. The indictment warrant became lodged at the Suffolk County jail on January 18, 1974. Relator was arraigned upon this indictment and bail was set.
"It was not until January 22, 1975 that Relator was released on bail with respect to this indictment. As far as can be determined from a reading of Relator’s papers, no request was made during this thirteen month period for the holding of a final parole revocation hearing. In addition thereto, at the time of his initial detention for parole violation, Relator waived the holding of a preliminary hearing.”
It is the relator’s contention that his 17-month incarceration upon the revocation warrant without benefit of prompt preliminary probable cause and final revocation hearings is a denial of the constitutional due process afforded him under the ruling in Morrissey v Brewer (408 US 471, 485, 488): "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly and convenient after arrest while information is fresh and sources are available. * * * The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months, as the State suggests occurs in some cases, would not appear to be unreasonable.”
The legislative intent reflected in subdivision 7 of section 212 of the Correction Law makes it clear that a parolee is entitled to receive a prompt hearing (People ex rel. Cordero v Thomas, 69 Misc 2d 28) but not every case of delay justifies vacatur of the revocation warrant (Matter of McLucas v Oswald, 40 AD2d 311, 315, app dsmd 32 NY2d 761; People ex rel. Tune v Rubin, 81 Misc 2d 254). "Analogously to the right to a speedy trial, the right to a preliminary hearing as promptly as convenient after arrest and to a revocation hearing within a reasonable time after the parolee is taken into custody must be decided on an ad hoc basis, being necessarily relative and depending on the circumstances (cf. Barker v Wingo, 407 US 514, 530).”
As is done in speedy trial claims, the court takes note of the factors set out by the United States Supreme Court in Barker v Wingo (supra), for evaluation of speedy trial claims under the general language of the Sixth Amendment: (1) the length *173 of the delay; (2) the reasons for the delay advanced by the prosecution; (3) the defendant’s assertion of his right to a speedy trial; and (4) the degree of prejudice caused the defendant (People v Blakley, 34 NY2d 311; see, also, Matter of McLucas v Oswald, supra, pp 315, 316).
Proceeding in reverse order, the relator asserts that he has suffered prejudice "by enduring seventeen months of incarceration without the opportunity for release on bail”. There is no claim by relator that any witnesses have died or otherwise become unavailable because of the delay nor that his recollection of events has turned hazy to the extent that defending against the violation accusation becomes nearly impossible. Yet this court has only recently held that an extended delay of seventeen months was presumptively prejudicial and sufficient in itself to trigger an inquiry into the conduct of both the prosecution and the defendant with respect to all relevant factors. (People v Blas, 81 Misc 2d 1085.)
As to the failure of the relator to request a revocation hearing, the speedy trial factors in Barker give way on this point to the governing rule in New York first pronounced in People v Prosser (309 NY 353) and restated in People v Minicone (28 NY2d 279). "The obligation is on the prosecutor to move the trial promptly and no demand by the accused is required to actuate this obligation”. (People v Minicone, supra, p 281.)
Turning now to the Parole Department’s explanation for the delay, it is suggested by the Attorney-General that the forebearance of the parole authorities in not scheduling a revocation hearing was designed to permit a disposition of new criminal charges against the relator so as to avoid prejudice to him. In Matter of Wright v Regan (46 AD2d 163, 168) the Appellate Division in the Fourth Department said:
"The argument that the parolee was not entitled to a revocation hearing until the criminal charges were disposed was decisively rejected in Matter of McLucas v Oswald. ”
Quoting from Cordero (supra), the court, in People ex rel. McNair v West (77 Misc 2d 150, 154, affd 46 AD2d 741) stated: " 'This court finds offensive to the concept of due process, within the constitutional sense, a procedure whereby relator, upon arrest, may be deprived of his liberty indefinitely without any opportunity to provide bail * * * and without any hearing whatsoever to ascertain whether there be any actual basis for so depriving him of his liberty, other than the fact *174 that he has been accused of a crime.’ Such a procedure is even more offensive in the present case, where the violations alleged antedate the criminal charges and have nothing to do with them.”
The final Barker factor considered herein is the length of the delay. The two-month delay in bringing a final parole violation hearing was thought by Mr. Justice Burger not to be unreasonable (Morrissey v Brewer, supra). The delay here was 17 months. Delays of lesser intervals have been held by various courts to be both reasonable (People ex rel. Lowery v Singerman [Sup. Ct., Bronx County, July 26, 1973 (10 months)]; People ex rel. Tune v Rubin [supra, (8 months)] and unreasonable; Cordero, supra [7 months]; People ex rel. Mosely v Monroe [Sup. Ct., Kings County, July 5, 1973 (16 months)]). Quite apparently, whether or not a delay is unreasonable must depend upon whether the circumstances alleged as cause for the delay will provide excuse for the delay. Here there are none. The delay in this case constitutes a fatal defect which cannot be remedied by a revocation hearing at this late date. Accordingly, the warrant is vacated with prejudice to the bringing of a new one and to any further proceedings regarding the violations alleged in the present warrant. Relator is to be reinstated to parole under the same conditions as applied before the alleged violations.
In determining the within application, the court has examined and considered relator’s petition together with arguments and memoranda of law by both counsel for the relator and the respondent. Therefore, pursuant to CPLR 2219 (subd [a]), the court directs that the memorandum decision herein shall constitute the order of the court.