Hyman T. Maas, J.
By his pro se petition sworn to May 17, 1976, relator states that: (1) in connection with first degree robbery and other felony charges, he was arrested (April 20, 1976), arraigned (April 21, 1976) and bound over for Grand Jury action (April 27, 1976) by a Rochester City Court Judge, and held in lieu of $5,000 bail; (2) in connection with the same acts underlying the aforesaid charges, a parole detainer warrant was executed against him on April 21, 1976; and (3) a preliminary parole violation hearing was conducted at the Monroe County Jail on May 6, 1976, at which time the hearing officer found probable cause to believe that relator had violated conditions of his parole.
Relator further alleges that: (4) the hearing officer arbitrarily refused his requests for representation by counsel at the preliminary hearing; (5) the hearing officer made an arbitrary finding of probable cause in the face of conflicting identification evidence by two witnesses; and (6) probable cause could not properly be found by the hearing officer unless and until there was an adjudication of relator’s guilt of the criminal charges in a court of law.
He asks the court to prohibit the parole authorities from returning him to prison "and/or” to admit him to bail. As the court informed relator in denying his previous habeas corpus application (of May 5, 1976), there is no authority for bail for parolees who are arrested and incarcerated pending parole violation hearings (People ex rel. Calloway v Skinner, 33 NY2d 23, 33).
The mere fact of an arrest, without more, will support the issuance of a parole violation warrant, and the warrant will not be rendered invalid by a subsequent "no bill” of the underlying charges, since the standard by which the Grand Jury operates is not the same as that governing the parole authorities. (People ex rel. West v Vincent, 46 AD2d 782.) The continued effect of the violation warrant depends upon: (a) the *357 Parole Board’s granting the parolee a prompt preliminary violation hearing; and (b) the hearing officer’s finding of "probable cause or reasonable ground” to believe that the detainee has committed an act in violation of his parole, and thus to hold him for the final violation (revocation) hearing before the Parole Board. (Morrissey v Brewer, 408 US 471, 485-487; People ex rel. Puma v Warden, 76 Misc 2d 336.)
Notwithstanding the pendency of concurrent criminal charges, the parolee is entitled to prompt violation hearings, since the presence of a detainer warrant may prejudice his ability to obtain a bail he can afford on those charges. (People ex rel. Allah v Warden, 47 AD2d 485; Matter of Wright v Regan, 46 AD2d 163.) The rules of the Parole Board permit the parolee to waive the preliminary hearing but not the final hearing (7 NYCRR 1925.15 [c]).
Parole violation hearings are essentially administrative proceedings, not to be conducted like criminal trials. (People ex rel. Maggio v Casscles, 28 NY2d 415, 418; Williams v Field, 301 F Supp 902.) They are not adversary proceedings. (People ex rel. Warren v Mancusi, 40 AD2d 279, 282; People ex rel. Smith v Deegan, 32 AD2d 940.) The parolee is not entitled to the presumption of innocence. (People ex rel. McNair v West, 77 Misc 2d 150, 153; Argro v United States 505 F2d 1374, 1378.) Common-law standards of proof do not apply. (White v New York State Bd. of Parole, 49 AD2d 908.) The standard of proof is whether the evidence is "satisfactory” to the preliminary hearing officer (People ex rel. Calloway v Skinner, 33 NY2d 23, 31, supra) or to the Parole Board on revocation (People ex rel. Marino v Casscles, 42 AD2d 304, 306). It is the Parole Board alone which is to ascertain the facts and decide their ultimate importance. (People ex rel. Menechino v Warden, 27 NY2d 376, 384.) -Hearsay evidence is admissible, including letters, affidavits and other material which would not be admissible at a criminal trial. (Morrissey v Brewer, 408 US 471, 489, supra.) "Satisfactory” evidence must consist of something more than an unverified parole officer’s violation report (Matter of Tinsley v New York State Bd. of Parole, 73 Misc 2d 289, 295), an equivocal admission by an uncounseled parolee (People ex rel. Tune v Rubin, 81 Misc 2d 254) or a mere technical violation not going to the substance of a condition of parole (Arciniega v Freeman, 404 US 4; People ex rel. Maggio v Casscles, 28 NY2d 415, 418, supra). Of Course, consent or nonconsent to parole conditions does not relieve a *358 parolee of the duty to abide by them. (Matter of Tinsley v New York State Bd. of Parole, 73 Misc 2d 289, 299, supra.)
In contrast to the final (revocation) hearing, the preliminary hearing is intended to be informal and summary in nature, with only a "minimal inquiry” necessary to determine whether there is probable cause to hold the parolee for a final hearing before the Parole Board. The parolee (or probationer) is entitled to notice of the alleged violations and of the hearing, an opportunity to appear and to testify and present his own relevant evidence, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing determination. (Gagnon v Scarpelli, 411 US 778, 786; Morrissey v Brewer, 408 US 471, 485-487, supra; People ex rel. Calloway v Skinner, 33 NY2d 23, 31, supra.) At a final hearing, our State Constitution mandates the parolee’s right to assistance of counsel (Calloway, supra, p 31). The right may be waived (People ex rel. Lawrence v Smith, 50 AD2d 1073) but a waiver will not be presumed where the parolee does not request counsel because he is unaware he can do so. (People ex rel. Menechino v Warden, 27 NY2d 376, supra.) At a preliminary hearing, however, the Court of Appeals says it is doubtful, in the vast majority of cases, that the presence of counsel would be of any constructive assistance to the parolee, and that the decision as to the need for counsel there should be made on a case-by-case basis in the exercise of a sound discretion by the Parole Board in accordance with the guidelines set forth in Morrissey v Brewer. (Calloway, supra, pp 31-32; 7 NYCRR 1925.25 [a].) It has been held, however, that the parolee has a constitutional right to be informed that he may request counsel at the preliminary hearing. (People ex rel. Puma v Warden, 76 Misc 2d 336, 338, supra.) In every case where a request for preliminary hearing counsel is refused, the grounds for refusal shall be stated in the record. (Gagnon v Scarpelli, 411 US 778, 791, supra; 7 NYCRR 1925.25 [a].)
In his present application for a writ of habeas corpus, relator has not sustained his burden of supplying sufficient facts and evidence to warrant issuance of the writ (Hyde v Shine, 199 US 62; Matter of Tinsley v New York State Bd. of Parole, 73 Misc 2d 289, 298, supra; Williams v Field, 301 F Supp 902, 904; Matter of Kolbe, 139 Cal App 239). He has failed to attach to his petition a copy of the parole violation warrant, or to explain why he could not do so, as required by *359 CPLR 7002 (subd [c], par [1]). That alone can justify denial of his application. (People ex rel. Upchurch v Gittleson, 41 AD2d 605; People ex rel. Negron v Herold, 33 AD2d 1076.) The court chooses to treat that as a technical defect, however, since the documents which he has attached, Board of Parole forms 9011 (notice of violation) and 9012 (notice of hearing) bespeak the existence of a warrant. Most importantly, and the reason the court is denying the petition, relator has not attached either Board of Parole form 9013 (decision and summary) (which is judicially noticed under CPLR 4511, subd [b]) or the minutes of the preliminary hearing. Where a habeas corpus writ is sought on the ground that the relator is held without probable cause, the petition should include the evidence taken before the committing Magistrate or in the proceedings on which the detention is based. (Hyde v Shine, 199 US 162, supra; Matter of Kolbe, 139 Cal App 239, supra; 39 CJS, Habeas Corpus, § 80, p 633.) The court does not know whether relator possesses the preliminary hearing minutes, but notes that the name and address of a court reporter are handwritten on the back of one of the exhibits attached to the petition, and the petition itself contains (alleged) excerpts from the preliminary hearing testimony, set off within quotation marks.
The court will assume that relator was furnished with a copy of form 9013 (decision and summary), as required by law. (Gagnon v Scarpelli, 411 US 778, 786, supra; 7 NYCRR 1925.35 [1].) He does not allege otherwise.
Relator’s only viable claims, as to which the court could grant habeas corpus relief, are: (1) that the hearing officer wrongfully and arbitrarily denied him the assistance of counsel; and (2) that the hearing evidence was insufficient to establish probable cause as to a parole violation. Documentary evidence exists, within relator’s possession or reach, which could confirm or disprove relator’s claims. Such evidence should have accompanied the petition.
In view of the "minimal inquiry” nature of the preliminary probable cause hearing, and the moderate standard of proof therein, this court holds that on an application for a writ, in a habeas corpus attack on the probable cause determination, the petition must be accompanied by a copy of the hearing minutes, if such is available to the relator, or, at the very least, of a copy of the hearing officer’s written report (Board of Parole form 9013 — decision and summary). Common sense dictates that no less should be required. Otherwise, an automatic right *360 of "appeal” from every hearing officer’s determination, not provided by the Legislature, would exist in habeas corpus through a prisoner’s conclusory allegations, or, as here, through a presentation of only carefully excerpted portions of the proceedings. (See Silvers v White, 8 Alaska 284.)
Should the hearing officer fail to furnish the parolee with a written report of the hearing, a CPLR article 78 proceeding would lie to compel him to do so. (Cf. People ex rel. Ward v Smith, 52 AD2d 775.)
It is, therefore ordered, adjudged and decreed that the relator’s application for a writ of habeas corpus is denied, and the petition therefor is dismissed, without prejudice to relator’s further application therefor on proper grounds.