■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEWEY AYERS, Appellant, v WILLIAM LOMBARD, as Sheriff of Monroe County, Respondent.— Judgment unanimously affirmed. Memorandum: Relator appeals from a judgment dismissing his writ of habeas corpus. While on parole under a prior conviction he was arrested in April, 1976 and charged with robbery, first degree, and other crimes allegedly committed at McDonald's Restaurant in Rochester, New York, and at a Kentucky Fried Chicken establishment in the Town of Henrietta, Monroe County, New York, and was indicted therefor. A parole violation warrant was lodged against him, and on May 6, 1976 a preliminary hearing on these alleged violations was held, as a result of which probable cause was found for consideration of revocation of his parole. Before a final parole revocation hearing could be held on the alleged violations, relator, through counsel, asked deferment of such hearing until after the trial of the indictments against him, and the request was granted. Pending this appeal, in December, 1976 relator was convicted on other charges, and is appealing therefrom. Defendant contends that due process was denied to him under Gagnon v Scarpelli (411 US 778, 790) and People ex rel. Calloway v Skinner (33 NY2d 23), because at the outset of the preliminary hearing for revocation of parole his request for counsel was denied without statement of reasons. When the hearing officer at that hearing advised relator of his right to counsel in the officer's discretion, relator requested the presence of counsel for the express reason that his trial upon the indictments growing out of such charges was pending. The hearing officer advised relator that his rights with respect to the criminal action would not be prejudiced by the hearing. Relator did not assert at that time that he was not the person who committed the crimes which were the

basis of the assertion of his violation of parole. We do not find that the hearing officer abused his discretion in denying relator counsel at the preliminary hearing. In fact, relator really wanted his preliminary hearing deferred, and when it was proposed to hold a final parole revocation hearing, relator sought and was granted a postponement pending determination of the criminal proceedings against him. The minutes of the preliminary hearing demonstrate that relator was not prejudiced by the denial of counsel. Moreover, the evidence clearly supports the hearing officer's finding of probable cause for holding relator for the final parole revocation hearing. (Appeal from judgment of Monroe County Court—habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ. [87 Misc 2d 355.]