■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. ZAVARO, JR., Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed March 10, 1976. Sentence affirmed. No opinion. Titone, J. P., Shapiro and O'Connor, JJ., concur; Hawkins, J., concurs in the result on constraint of the decision in *People v Felder* (61 AD2d 309).

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. ROBERT WILDES, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Dutchess County, dated October 15, 1977, which, *inter alia,* directed that petitioner be restored to parole. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed, and petitioner is directed to surrender himself to the Warden of the Green Haven Correctional Facility. Contrary to Special Term's determination, we hold that (1) the hearing officer properly determined, before deciding not to await the presence of counsel at the preliminary parole revocation hearing, that petitioner adequately understood the charges against him and was sufficiently articulate to explain his conduct and (2) the reasons for the decision to proceed without counsel were adequately set forth in the record. In addition, the record does not indicate that any facts which could have been presented in mitigation of the violations were too difficult or complex for petitioner to develop without the aid of counsel. Certainly, at that stage in the proceeding, it was not an abuse of discretion to find that counsel would not have had an impact on the determination that petitioner be held for a final revocation hearing (see *Gagnon v Scarpelli,* 411 US 778, 790-791; *People ex rel. Calloway v Skinner,* 33 NY2d 23). Latham, J. P., Damiani and Hawkins, JJ., concur; O'Connor, J., dissents and votes to affirm the judgment, with the following memorandum: In the light of petitioner's representations that there were substantial reasons which mitigated against his technical violations, that revocation would have been inappropriate in view of those reasons and that, without the aid of counsel, he could not adequately develop the difficult circumstances for the hearing officer, it was an abuse of discretion to deny his request to await counsel.

■ In the Matter of FRANK J. BRASCO, an Attorney and Counselor at Law, Admitted to Practice under the Name FRANK JAMES BRASCO.—Motion by the Joint Bar Association Grievance Committee for the Second and Eleventh Judicial Districts, to strike the name of Frank James Brasco from the roll of attorneys and counselors at law on the ground that he has been disbarred by virtue of a felony conviction. Cross motion to stay all proceedings in this matter pending determination of the postconviction proceedings in the United States District Court for the Southern District of New York to vacate the conviction and for a new trial on the grounds of newly discovered evidence. Motion granted and cross motion denied. Frank J. Brasco, admitted to practice by this court on March 26, 1958 under the name Frank James Brasco, was convicted of a felony (violation of US Code, tit 18, § 371) unlawfully, willfully and knowingly conspired, confederated and agreed with others to obtain and retain from the Post Office Department truck leases and moneys payable by unlawful and fraudulent means in violation of statute in the United States District Court for the Southern District of New York on October 21, 1974. The clerk of this court is directed to strike the name of Frank James Brasco from the roll of attorneys and counselors at law forthwith by reason of said conviction *(Matter of Chu,* 42 NY2d 490). Hopkins, J. P., Latham, Suozzi, Rabin and Shapiro, JJ., concur.