OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the judgment of Supreme Court reinstated.
*934 Relator instituted the present habeas corpus proceeding to challenge final revocation of his parole. Supreme Court granted the writ and ordered that he be restored to parole supervision on two grounds, namely, that it was error at the final parole revocation hearing to have received in evidence (1) testimony by his parole officer as to admissions made by relator to the parole officer while relator was in custody without his first having been given the preinterrogation warnings to which he was constitutionally entitled, and (2) the admission implicit in the relator’s plea of guilty at the preliminary revocation hearing in the absence of counsel who had been appointed to represent him.*
For reasons which do not appear, on appeal to the Appellate Division respondents in the habeas corpus proceeding chose not to argue the issue of the guilty plea at the preliminary hearing, and the Appellate Division made no reference to it. Similarly, respondents in our court have expressly elected not to challenge the propriety of Supreme Court’s determination that relator’s parole revocation should be vacated because of the receipt of the admission implicit in the guilty plea at his preliminary revocation hearing. Respondents could have urged that the error was harmless but both on brief and in oral argument stated that no argument was advanced with respect to the admission of relator’s “guilty plea”. In this circumstance, relator had no opportunity to and has not addressed any harmless error contention, nor is any such contention now before us.
In this procedural posture, the order of the Appellate Division should be reversed, no challenge being made by respondent to the determination of error by Supreme Court. We have no occasion, in view of the disposition of the appeal on this ground to address the alternative contentions of the parties with respect to the admissibility of the statement made by relator to his parole officer.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
*935 Order reversed, without costs, and judgment of Supreme Court, Wyoming County, reinstated in a memorandum.

 Supreme Court, acknowledging that under People ex rel. Calloway v Skinner (33 NY2d 23) parolees are not entitled to assignment of counsel for every preliminary parole revocation hearing, nonetheless concluded that in this instance considerations of fundamental fairness had warranted the assignment of counsel to relator.